The cause was continued nisi for advisement, and, at the next March term in Suffolk, the opinion of the Court was delivered by
Parsons, C. J.
[After reciting the facts as before stated.] It is very properly admitted by the parties, that the father gained a settlement in Monson. This point * came before [ * 495 ] the Court in the case of Salem vs. Andover, (ante, vol. iii. 436,) and it was held that the occupation by any citizen of his freehold of the annual income of three pounds, and situate in the town in which the owner resides, for two years after the statute of 1789, c. 14, which was passed June 23, in that year, gains a settlement by such occupation and residence, notwithstanding the subsequent repeal of that statute by the statute of 1793, c. 34.
The defendants have argued that the pauper gained a derivative settlement in Monson, with her father, removing and living with him as part of his family; and also relying on the words of the last statute, providing for the settlement of legitimate children.
If this question is to be decided on the principles of derivative settlements, resulting from the English pauper laws, the defendants must fail; for, during the two years in which the father was gaining his new settlement in Monson, the pauper was not all that time a part of her father’s family. Having a right to leave his family, and to work for herself, she in fact exercised that right, although she afterwards returned to her father’s house. In the case of The King *432 vs. The Inhabitants of Roach, (5) the pauper, then twenty-two years of age, and living with her father, left his house, and lived with another family as a wet nurse, for eight weeks, at one shilling per week, and then returned to her father’s, who, in the mean time, ' had removed to and gained a settlement in another parish. And it was holden that the leaving her father’s house for the purpose of seeking her own livelihood, was an emancipation, and that the time of absence was immaterial.
The words of the statute of 1793, c. 34, are, “Legitimate children shall follow and have the settlement of their father, if he shall have any within this commonwealth, until they gain a settlement of their own.” If these words are taken literally, then a son, of full age, who had left his father, and had become the head and father .of his own family, if he had gained no new settlement, would follow any new settlement acquired by his father, after [ * 496 ] the son had left him. This could * never have been the intention of the legislature. The object of this provision was to regulate the derivative settlement of legitimate children, who, when emancipated, are no longer in a condition to derive a settlement from their father.
Wives and children may have derivative settlements, because the husband and the father have the legal control of their persons, and the right to their services; and the wife cannot be separated from the husband, nor minor children from the father. Upon this same principle, slaves, when slavery was tolerated, had a derivative settlement with their master.
But when the father ceases to have any control over his children, or any right to their service, it is not easy to devise any good reason why they should not be considered as emancipated, and as no longer having a derivative settlement with the father on his acquiring a new settlement. And when the reason ceases, the law founded on that reason also ceases.
In the construction of this clause of the statute, we are all of opinion that, upon the father’s- gaining a new settlement, a child of full age, although voluntarily living with him, does not have the new settlement with his father, but his former settlement remains. Whether the cases of a child being non com/pas, or of a son marrying under age, or enlisting as a soldier, by which, during the enlistment, the father has lost all control over his person, or right to the profits of his services, are or are not exceptions, may be determined when those cases arise. The present is not one of them.
Bliss for the plaintiffs.
We find cases in the English reports, where a child of full age, living with his father, is considered as not emancipated. In those cases, the child may be considered as a servant; and in that country, a settlement may be acquired by service; but by our laws, no settlement can be gained by service. We are therefore satisfied that the settlement of the pauper was in Wilbraham, and that the plaintiffs must have judgment for 51 dollars 99 cents, and costs of suit.

 6 Term Rep 247.