*The cause was argued by Thatcher, for the plaintiffs, and Stearns, for the defendants ; and the opinion of the Court was delivered by
Parker, C. J.
The question arising out of the facts agreed in this case is, whether Eliza Jackson, the pauper, has acquired a settlement in Boston derivatively from any of her ancestors. If she has not, she is a State pauper, and the plaintiffs must seek their relief from the government.
Her grandfather, John Barry, acquired no settlement ; he and bis family having been warned out in 1767, before they had had a year’s residence in the town ; and it does not appear that he was living during the operation of the statute of 1789, c. 14, so as to have gained a settlement under that statute.
The grandmother, Eleanor, although possessed of a freehold estate, in her own right, of the requisite value, and although living until 1798, gained no settlement, because she was an alien, never had been naturalized, and, not being born within the British dominions, did not become a citizen by virtue of the treaty of peace in 1783.
Catherine, the mother of the pauper, having been born within the .common allegiance prior to the Revolution, namely, in Nova Scotia, and being within the United States when the treaty of peace was ratified, became a citizen by force of that treaty. But she did not, of course, acquire a settlement in any particular town. If she gained any settlement in .Boston, it was in virtue of the real estate which her mother, Eleanor, had occupied and enjoyed until September, 1798. But, by the statute of 1793, c. 34, three years’ successive occupation of a freehold estate, or estate of inheritance, in the town where the oarty dwells, is necessary to give a settlement. Catherine, therefore, did not gain a settlement until September, 1801.
The pauper was married to an alien in 1800, being eighteen years *377 of age at the time of her marriage. She was, therefore, out of the control of her mother, before the * settlement
of the mother was gained, and could derive no settlement from her. This is analogous to the doctrine of emancipation in the English books, and according to the principles settled by this Court in the case of Springfield vs. Wilbraham. (1) Her continuing to reside in the house of her mother does not affect the case ; for this must have been voluntary on her part, and with the consent of the husband ; and the mother no longer retained any control over the person, or any right to the services, of the daughter. The cases in the English books on this point are not applicable here. Our settlement cases must be decided according to the intent of our legislature as expressed in our statutes. Our statute does not provide that the family shall have the settlement of its head, but that the children shall have the settlement of the parents. They are no longer children, so as to take a new settlement acquired by their parents, when capable of gaining one for themselves, if they are separated from their parents by marriage or other legal emancipation.

Plaintiffs nonsuit

 4 Mass. Rep. 493.