Parker, C. J.
The pauper for whose support the action is brought had no settlement in Plymouth, unless her father acquired one there by his residence for a year before the 10th of April, 1767. But, to acquire a settlement by such residence, the party *190 must be of full age during the term of his residence: it is agreed he was not of full age ; but as he was married at Plymouth with the assent of his father, it * is supposed that he became emancipated, so as to be capable of gaining a settlement by himself.
Our laws, however, know of no such emancipation; or, at least, do not recognize such consequences of it. The marriage, in this case, may have removed the pauper’s father, Abraham Tisdale, from the control of his father, and perhaps have given him a right, as against his father, to apply all his earnings to the support of his family. But it did not give him a capacity to make binding contracts, beyond other infants; or any political or municipal rights, which do not belong by law to minors.
We are all clear, therefore, that, by his residence in Plymouth for the time mentioned, without being warned out, although married, he did not gain a settlement in that town ; so that the present action cannot be maintained, (a)

Plaintiffs nonsuit.

 Vide Charlestown vs. Boston, 13 Mass. Rep. 469