### CHICHESTER *vs.* PEMBROKE.

Where the town of *C.* gave notice to the town of *P.* that the town of *C.* had expended $35 87 for the relief of " *Sally* and *Esther B.*, and also daughter of " *Sally B.*," paupers having their settlement in *P.* ; it was held, that " daughter " of *Sally B.*" was not a sufficient designation of any particular person ; and that as no particular sum was stated as expended for the relief of the other two paupers, the notice was altogether bad.

ASSUMPSIT for money expended in the relief and support of *Sally Benson, Esther Benson,* and *Hannah Benson,* daughter of the said *Sally Benson,* paupers, alleged to have their settlement in *Pembroke.*

The cause was tried here at February term, 1822, upon the general issue, and a verdict taken for the defendants, subject to the opinion of the court upon the sufficiency of the notice given by *Chichester* to *Pembroke,* that the paupers had become chargeable. The notice was as follows :

" State of New-Hampshire, Rockingham, ss. To the se-
" lectmen and town clerk of the town of Pembroke, N. H.,
" Greeting—You are hereby notified, that *Asa Benson* has
" made application to the town of Chichester for assistance
" in behalf of his sisters, *Sally* and *Esther Benson,* and also
" daughter of *Sally Benson,* paupers; whereupon we have ad-
" ministered unto them the amount of $35 87, from November
" 16, 1820, to the present date ; and according to the laws of
" this state, they are the proper charge of the town of Pem-
" broke," &c.

" J. L. ⎱ Selectmen
" J. B.  ⎰    of
" J. H. ⎰ Chichester.

" Chichester, February 10, 1821."

Steele and *I. Bartlett*, for the plaintiffs.

*Stevens*, for the defendants.

*Chichester vs. Pembroke.*

(1) 1 N. H. Laws 359.

*By the court.* The statute of June 27, 1809.(1) enacts, " that when any person in any town, &c. shall be poor and " unable to maintain him or herself, such person shall be re- " lieved and maintained by the overseers, &c. where such " person shall happen to be : and in case such town, &c. is " not by law chargeable with the maintenance of such poor " person, they may by action, &c. recover of the town, &c. " chargeable by law with the maintenance of such poor " person, all such sums as they shall have expended, &c. " Provided that in all cases notice in writing, signed by a " majority of said selectmen, &c. and stating the sums ex- " pended by them for the relief of such poor person, shall " be given, &c. to the town, &c. chargeable by law with the " maintenance of such poor person, within ninety days, &c. " And such notice shall be served on the town, &c. by the " sheriff, &c. or his deputy, by leaving an attested copy of " such notice, &c. with at least one of the selectmen, and " with the town clerk, &c. And no action shall be sustained, " &c. unless such notice has been given in manner aforesaid."

We have no doubt that the pauper must be designated in the notice. It is not necessary that the pauper should be designated by name, but must be clearly pointed out, so that it may be well understood who is intended, and we think that " daughter of Sally Benson" was not a proper descrip- tion of any particular person. For *Sally Benson* may have had many daughters. Had it said the younger, or elder daughter of *Sally Benson*, it might have been sufficient. The notice then, so far as respects the daughter, is insufficient.

We are also of opinion that the notice is bad as respects the other two paupers. The statute requires that the sums expended for the relief of the poor person shall be stated. In this case, a sum expended for the support of three persons is stated; but it is not stated what sums had been expended for the support of *Sally* and *Esther Benson*. Whether this is or is not a wise provision of the statute, is not for us to de- termine. It is enough that the statute makes the requisition.

*Judgment for the defendants.*