## THE TOWN OF ORFORD *vs.* THE TOWN OF RUMNEY.

It is a general rule, that children shall be considered as emancipated, when they arrive at the age of twenty-one years. But when they are compelled to remain longer with a parent, on account of infirmity of body or mind, so long as they so remain, they are not to be considered as emancipated.

Assumpsit for the support or maintainance of *Cotton Haines*, a pauper, alleged to have his settlement in the town of Rumney.

At the trial here, at November term, 1824, upon the general issue, it was admitted, that the pauper was settled in Rumney, unless he had his father's settlement in Orford. The pauper was born in the year 1788, and in the year 1795 removed to Rumney with his father, where he resided, in his father's family, till the year 1810. The father gained a settlement in Rumney, while he resided there. In the year 1810 the pauper removed to Orford with his father, in whose family, there, he has ever since resided. The father gained a settlement in Orford in the year 1817, by having been taxed for his poll, and paying all taxes assessed upon his poll, and estate, for seven years. The pauper was, for many years, previous to his arriving at the age of twenty-one years, subject to convulsion fits, which gradually affected his understanding, till, in the year 1822, he became incapable of taking care of himself. After he arrived at the age of twenty-one years, he was, at times, in the full exercise of his reason, but affected with the fits every month, and sometimes oftener. His father considered, that it would be unfit and improper to permit him to leave his family ; and he has ever remained under his father's control, as when he was an infant.

A verdict was taken in favor of the town of Rumney, subject to the opinion of the court, upon the above case.

*Wilcox & Bell*, for the plaintiff.

*Quincy*, for the defendant.

Richardson, C. J. delivered the opinion of the court.

The statute of January 1, 1796, declares, that " legitimate children shall have the settlement of their father, " if he shall have any such within this state, until they gain " a settlement of their own." 1 *N. H. Laws* 362.

Orford
*vs.*
Rumney.

This clause in the statute would admit a construction, which would give to a son a settlement, acquired by his father, at any period of the son's life ; provided, he had gained none in his own right.    But it has always been held to extend only to children, who are not emancipated.    The question then is, whether the pauper, in this case, was emancipated at the time his father acquired a settlement in *Orford* ?

The general rule is, that children become emancipated, when they arrive at the age of twenty-one years.    4 *Mass. Rep.* 493, *Springfield vs. Wilbraham.*    11 *East* 578, *the King vs. Hardwick.*—3 *D. & E.* 355 & 114.—8 *D. & E.* 479.—1 *Str.* 438.—2 *Str.* 830.—4 *D. & E.* 199.—2 *Cowen* 537.—6 *D. & E.* 247.

But children, who, from want of understanding, are incapable of taking care of themselves, do not become emancipated at the age of twenty-one, if they continue under the control of their father.    15 *Mass. Rep.* 237, *Upton vs. Northbridge.*

Such children are an exception to the general rule.    And whenever a child is compelled to remain under the care of his father, after his arrival at the age of twenty-one years, whether it be on account of infirmity of body or of mind, so long as he so continues, he is to be considered as not emancipated.    To bring an individual within the spirit of this exception, it is not necessary that he should be wholly deprived of the use of his reason ;  or that he should be actually confined to his bed with sickness.    It is enough, if the state of his mind, or of his health, is such, that it is fit and proper, that he should remain under the care of his parent.    This exception to the general rule is founded upon a principle of humanity, which will not permit the parent and child, under such circumstances, to be separated and sent to different towns for support.

The pauper, in the present case, is clearly within the exception to the general rule, and cannot be considered as emancipated at the time his father gained a settlement in the town of *Orford* ; the pauper is, therefore, legally settled in that town.

*Judgment on the verdict.*