## BARNSTEAD *vs.* STRAFFORD.

Where several individuals, constituting one family, are supported together, it is not necessary that the notice to the town where they have their settlement should specify the sums expended for each individual.

If the selectmen give notice of sums expended, knowing that some of the items are much larger than the town has paid, or assumed to pay, nothing can be recovered on such items.

The town furnishing the relief is not entitled to recover for the services of the overseers of the poor.

ASSUMPSIT for supplies, &c. furnished to Daniel Cate, and his wife, and their son John Cate.

To the admission of the notice which had been given to the defendants, they objected, because it appeared that the supplies, or a part of them, had been furnished for the joint use and benefit of three individuals, and it did not appear how much was furnished for each one separately; but the court overruled the objection. It was in evidence that the individuals relieved constituted one family, and were supported together.

Barnstead
*vs.*
Strafford.

Part of the plaintiffs' claim consisted of the expenses of employing two individuals, as nurses for said Cate, at five dollars each per day, when in fact said town of Barnstead had paid them but two dollars per day ; and for the services of the overseers of the poor.

A verdict having been rendered for the plaintiffs, the defendants moved for a new trial.

*Bartlett*, and *Norris*, for the plaintiffs.

*Christie*, and *B. Emerson*, for the defendants.

PARKER, J. The objection that it did not appear how much was furnished for the relief of each pauper, cannot avail. All the persons mentioned in the notice were paupers, and sufficiently described ; and in this respect the case is distinguished from *Chichester* vs. *Pembroke*, 2 *N. H. Rep.* 530. There the notice was of sums expended for the support of three ; but one of them not having been sufficiently described, it was as if the notice had been of sums expended for the support of three jointly, one of whom was not a pauper, in which case there would not be any notice of the sums expended for those who were actually paupers. There is a direct implication, in the report of *Chichester* vs. *Pembroke*, that if the notice had stated the sums expended for Sally and Esther Benson together, or if the three persons had been sufficiently described, it would have been sufficient.

In the case of a family, supported together, it would be impracticable to state the sums expended for each ; and there are many cases in which it would be inexpedient and improper to separate the members of a family. The statute was not intended to require that the sums expended for each pauper should be stated where all are actually paupers, supported together, and all chargeable to the defendant town ; but the notice must not include in the sums expended for those who are paupers, expenses incurred for those who are not so.

But another exception is apparent upon the face of this

case. The statute enacts, that in case the town where the pauper is relieved " is not by law chargeable with the main-'tenance of such poor person, they may by action recover of 'the town, or person chargeable by law with the mainte-'nance of such poor person, all such sums as they shall have ' expended in the maintenance of such person. *Provided,* 'that in all cases, notice in writing, signed by a major part ' of the selectmen or overseers of the poor, and *stating the* ' *sums expended* by them for the relief of such poor person ' or persons, shall be given in the manner hereinafter men-'tioned," &c. *N. H. Laws* 305. "And no action shall be ' sustained against any town or person, for any sums ex-' pended as aforesaid, unless previous to the commencement ' thereof such notice shall have been given in the manner ' aforesaid." 306.

In the specification which has been filed in this case are two items of $95 each, expended in payments to two indi-viduals for services, when it appears, in fact, from the evi-dence in the case, that the plaintiffs had paid those indi-viduals but $38 each. There is also a charge for $16, paid the overseers of the poor for their services concerning the paupers. These three sums are included in the sums ex-pended as set forth in the notice.

The charge for services of the overseers cannot be recov-ered, and should not have been claimed. 11 *Mass. Rep.* 327, *Conway* vs. *Deerfield.* But we do not hold that it is necessary, in order to sustain a suit, that the plaintiff town must be able to prove all the sums set out in the notice. Mistakes respecting the rights of the parties often exist ; and there may be a failure to make legal proof of actual ex-penditures.

So if a town has expended extravagant sums in the relief of paupers, they will not be entitled to recover the whole sums paid, but may recover a reasonable proportion of the amount claimed. 15 *Mass. Rep.* 248, *Southbridge* vs. *Charlton.* Such a state of facts would not vitiate the notice

if that stated truly the sums expended. The other party, having been furnished with the knowledge of what had been actually expended, must judge of the propriety of attempting to reduce the amount.

But the other two items in this case stand upon a different ground. They set forth sums as expended which it appears affirmatively were never expended, only two-fifths of the amount having been paid for the services there mentioned. Is this a compliance with the requirements of the statute? Does it give the defendants such information as the statute contemplated? Does it state the sums expended? If this is sufficient, selectmen may in all cases give a notice setting forth sums expended in gross, much larger than the actual expenditure, and take the chance of obtaining more than they have paid, by a settlement or compromise; or, if they fail in this, subject the other party to the costs of a suit, in order to ascertain what ought in fact to be paid. This would not be in good faith, and might be instrumental of gross fraud. The notice and specification in this case, so far as these items are concerned, are directly calculated to mislead the defendants. We think the position cannot be maintained that such notice is within the letter or spirit of the statute. It not only did not state the sums expended, and thus give the defendants the proper information upon which to act, but it purported to give them information which, so far as these items are concerned, turns out not to have been true; and we are of opinion that nothing ought to be recovered under these two items.

Towns must be held to give their notices in good faith, and if any thing can be recovered in any case where the proof is that the amount paid is substantially less than that stated in the notice, it should only be in a case where it is shown that the variance arose from some mistake, and not from an attempt to swell the amount in order to obtain larger sums for the benefit of inhabitants of the plaintiff town.

It is suggested that the individuals named in the specification exhibited claims against the town of Barnstead for the full amount there stated, and that they still claim those sums; but that cannot alter the case. The town has not paid or assumed to pay even half the amount thus claimed, and denies that more ought to be paid, unless, perhaps, in the contingency that more should be recovered of the defendants. The notice therefore should not have stated an expenditure embracing the whole sums claimed by those individuals.

On this ground the verdict must be set aside, and a

*New trial granted.*