## The Inhabitants of GREAT BARRINGTON *versus* The Inhabitants of TYRINGHAM.

Under *St.* 1793, *c.* 34, [Revised Stat. *c.* 45, § 1,] where a minor, deriving his settlement from his mother, resided in another State, employed in learning a trade, and the mother acquired a new settlement in this Commonwealth by a second marriage, before he came of age, it was *held*, that his settlement followed that of his mother.

*It seems*, that the circumstance, that the minor was not bound as an apprentice by indenture, is not material in such case.

THIS was an action to recover expenses incurred in the support of certain paupers.

By an agreed statement of facts, it appeared, that the paupers were the wife and children of Archibald Gilmore, whose mother acquired a settlement in Tyringham by her marriage with Eliphalet Jewell, on February 25th, 1810 ; that Archibald was, at that time, a minor living in Connecticut, where he was employed in learning the trade of a shoemaker, by the direction of his mother, (who also lived in that State when he went to learn such trade,) but was not indented as an apprentice ; and that he did not reside in this Commonwealth during his minority.

The only question was, whether Archibald followed or took the settlement of his mother, he having no settlement in this Commonwealth, unless derived from his mother.

*Sept.* 23*d.*     *Jones* and *Sumner*, for the plaintiffs, cited to the point, that Archibald Gilmore acquired a settlement in Tyringham by the marriage of his mother, *Plymouth* v. *Freetown*, 1 Pick. 97 ; *Parsonsfield* v. *Kennebunkport*, 4 Greenl. 47 ; that he was not emancipated or *quasi* emancipated, *Pittston* v. *Wiscasset*, 4 Greenl. 293 ; *Sumner* v. *Sebec*, 3 Greenl. 223 ; *Salisbury* v. *Orange*, 5 New Hamp. R. 348.

*Bishop*, for the defendants, to the point, that Archibald did not acquire a settlement in Tyringham, inasmuch as his mother was absolved from all obligation to support him, at the time of her marriage with Jewell, cited *Springfield* v. *Wilbraham*, 4 Mass. R. 493.

*Sept.* 24*th.*     SHAW C. J. delivered the opinion of the Court. This case is governed by that of *Plymouth* v. *Freetown*, 1 Pick 197, in which it was decided, that where a mother acquire

new settlement by marriage, her minor children oy a former marriage follow and have such new settlement, by force of the *St.* 1793, *c.* 34. The mother acquired a settlement in Tyringham, and her minor legitimate son gained a settlement in that town.

The only ground of distinction, which could raise a doubt, arises from the fact, that at the time of the mother's marriage, the son was residing in another State, as an apprentice, but not under indenture. This is contended to be *quasi* an emancipation, preventing the operation of the statute. In *Springfield* v. *Wilbraham*, 4 Mass. R. 493, it was held, that the statute could not be construed literally, that it must be taken with this qualification, that when a person having a derivative settlement from a father or mother, has arrived at full age, is emancipated and acting *suo jure*, the settlement of such person will not change with the subsequent change of the settlement of the father or mother. This seems to be a just limitation of the generality of the words of the statute. In that case, the Court intimated, that possibly there might be other exceptions, putting some instances, but they are careful to give no opinion on them, as they did not arise in that case. The Court are of opinion, that the circumstances found in the present case do not constitute an emancipation, nor bring the case within the principle of *Springfield* v. *Wilbraham*. In the first place, it is very clear, that the place of residence, within or without the Commonwealth, either of the mother or son, does not affect the question. The privilege or qualification of having a settlement is personal, and attends and attaches to the person. Then it is the common case of a minor, not actually residing with the parent, but residing with another as an apprentice. Such a person is within the express provision of the statute. We think he is not within any implied exception, and therefore his settlement changes with that of the parent from whom it was derived. In this case, it is stated, that the apprentice was not bound by an indenture ; probably this circumstance would make no difference ; it is not relied on as of any importance in deciding the present case in favor of the plaintiffs.

*Defendants defaulted.*