## NEW-BOSTON *vs.* DUNBARTON.

An unincorporated place cannot, by its own acts only, place itself in such a position as to entitle itself to the rights and privileges, or subject itself to the liabilities, of towns.

But evidence that the inhabitants of a particular place have exercised the rights and performed the duties of a town corporation, and that it has been recognized as such, may be submitted to a jury on which to find an incorporation in fact.

Where a notice was served on a town, for the support of a parent 'and her four minor children,' where it appeared she had other minor children—*Held*, to be uncertain which were relieved, and that the notice was not in compliance with the statute.

*see 56 R. 301, 302.*

ASSUMPSIT, for sums expended in the support of " Nancy Towne and her four minor children," from the 2d of July, 1838, to the 15th of December, 1838.

On trial, it appeared that the notice to the town of Dunbarton was, that " Nancy Towne and her four minor children" were paupers, &c.

The claim, as made in the notice, was for boarding said Nancy Towne ten weeks, at $1·62 per week, $16·20.   To boarding and nursing four minor children of said Nancy Towne, ten weeks, at $1·00 each per week, $40·00.

The notice is dated Sept. 22, 1838.

The account annexed to the writ specifies the claim in the same manner as made in the notice, and also claims for the support of said Nancy Towne after Sept. 22d, and prior to Dec. 15th, for ten weeks, at $1·62 per week, 16·20 ; with additional expenditures for the children in a separate charge.

It further appeared that said Nancy had at the time more than four children who were minors, and the defendants objected that the notice was insufficient ; but the evidence being that the four youngest children were relieved with her, the court overruled the objection.

It was admitted that said Nancy had her settlement in Dunbarton, unless it was changed on her marriage with Moses Towne, Jr.

The defendants alleged that said Moses had a settlement

in Allenstown, derived from his maternal grandfather, Charles McCoy ; and proved that McCoy resided in Allenstown prior and up to 1795.

The plaintiffs denied that Allenstown was incorporated until long after McCoy resided there.

To show that Allenstown was incorporated prior to the time McCoy resided there, the defendants offered evidence that Allenstown was classed for the choice of a representative, before that period ; and that the inhabitants had, for several years before that time, organized as a town, raised taxes for the support of the poor and the repairs of highways ; and had done all the acts usually done by towns.

To rebut this testimony, the plaintiffs offered in evidence a petition of the said inhabitants, March 8, 1831, for an act of incorporation, and a charter, granted by the legislature July 2, 1831 ; to which the defendants objected, but it was admitted.

They also offered the certificate of the secretary of state, that he could find no charter of Allenstown on record prior to that time.

The defendants contended that under the statute of Feb. 15, 1791, a settlement might be gained in an unincorporated place ; but the court ruled otherwise.

The court instructed the jury that an unincorporated place might lawfully be classed for the purpose of choosing representatives, and that the inhabitants of such place might lawfully vote for governor, counselors, &c. ; and that evidence showing that Allenstown had for many years exercised the rights and performed the duties of an incorporated town, was not conclusive evidence of an incorporation ; but that, in order to make out that point in the defence, the jury must find, on the whole evidence, that an act of incorporation had been granted, at least one year prior to 1795, when Charles McCoy's residence there terminated.

The jury found a verdict for the plaintiffs, and the defendants moved for a new trial.

New-Boston *v.* Dunbarton.

*Farley,* for the defendants. 1. The notice was insufficient. It does not appear by it what particular children were relieved, or who were intended by the four minor children. Had the notice stated that the four youngest children were relieved, it might have been perhaps sufficiently certain.

2. Allenstown having exercised the rights and enjoyed the privileges of a town, and the legislature for a series of years having recognized and treated it as a chartered town, it is not competent for her to deny it, in order to screen herself from liability as a corporation.

*C. H. Atherton,* for the plaintiffs. An act of incorporation is a matter of record, and should be proved by an exemplification of it. There is the strongest possible reason for requiring documentary evidence of the grant of a charter of a town. Evidence of the acts of any place as a town corporation is inadmissible, unless a foundation is first laid for it, by proving in the first instance the loss of original records, which might have contained the grant of a charter, or that an actual charter had been granted, and could not be found. 5 *Mass. R.* 547, *Dillingham* vs. *Snow;* 12 *Mass. R.* 405, *Stockbridge* vs. *West Stockbridge.* Here no loss of any such records was proved, and no evidence offered of any tradition, or declarations of any of the early settlers that a charter had been obtained.

2. A designation of the elder or younger child, in a notice for the support of a pauper, is sufficient; and a claim for the support of the mother and her four minor children should be regarded as a claim for the support of herself and the four younger children.

UPHAM, J. The settlement of the pauper in this case is conceded to be in the town of Dunbarton, unless it has been changed by her marriage with Moses Towne. Towne's settlement, if he has any, is in Allenstown, derived through

his maternal grandfather, McCoy ; and McCoy's settlement depends on the question whether Allenstown was an incorporated town or not, at the time of his residence there, which was in the year 1795, and for some years previous.

No record evidence of an act of incorporation of Allenstown prior to 1795 was produced on the trial ; but various acts, almost from the first settlement of the place, which are usually done by towns, were offered in evidence to the jury, for them to find from them that Allenstown had been incorporated. It was in evidence that Allenstown had been classed with some other town or place for the choice of a representative, prior to 1795, and that the inhabitants had, for several years previous to that time, organized as a town, raised taxes for the support of the poor and the repairs of highways, and had done all the acts usually done by towns.

None of the acts offered in evidence necessarily shew an act of incorporation as a town. No place can, by its own acts only, place itself in such a position as to entitle it to the rights and privileges, or subject itself to the liabilities of towns. An act of incorporation cannot exist, except as derived from the government ; and no evidence has a tendency to show an act of incorporation, unless some act or acts of the government be shown recognizing such place as a town, or the right of such place to act in that capacity. Evidence of that character might be submitted to a jury, on which they might find an act of incorporation, notwithstanding no record was produced ; but the evidence that Allenstown had been classed for the choice of a representative is not of that character, as unincorporated places are usually classed for that purpose. It is not necessary, however, to enter more at large into this part of the case, at this time, as the verdict must be set aside on account of a defect in the notice.

The notice served upon the town of Dunbarton is to recover for the support of Nancy Towne and her four minor children. The names of the children should have been given, or otherwise particularly described, so that it might

appear which of her minor children had been relieved. It appears from the case that she had other minor children. The suggestion that the term minor may apply to the four younger children, is true ; but it is by no means clear from the notice that such was its intent, and it is not such a definite notice of the persons relieved as is required by the statute. *Laws N. H.* 305 ; *N. H. Rep.* 530, *Chichester* vs. *Pembroke.* The amount expended for the support of the mother is a distinct sum, and the notice is sufficient as regards her. The plaintiffs may recover for the amount of her support, unless the defendants, upon a new trial, should be able to make out a better case.

*New trial granted.*