THE INHABITANTS OF HAMPDEN *versus* THE INHABITANTS OF BREWER.

Under the Stat. 1821, c. 122, a legitimate child, after he has become twenty-one years of age, although voluntarily living with his father, no longer has a derivative settlement under him, if the father acquires a new one; but the settlement of the child when he became twenty-one years of age, remains, until he gains a new one for himself.

ASSUMPSIT for supplies furnished one Nancy Johnson, a pauper, whose settlement was alleged to have been in Brewer. The only question was, in which of these towns was the lawful settlement of the pauper.

Nancy Johnson was the legitimate child of Ephraim Johnson, and was born on August 28, 1817. On Sept. 30, 1834, the legal settlement of Nancy Johnson and Ephraim Johnson, was in Brewer, and on that day they removed to Hampden, and the said Ephraim has ever since resided there. On the same 30th of September, 1834, a guardian was appointed over said Ephraim, on complaint of the selectmen of Brewer, because of his spending his estate by idleness and excessive drinking. This guardianship still continues. On October 15, 1834, the guardian of Ephraim Johnson purchased, on his account, a farm in Hampden, which has not yet been conveyed away.

Nancy Johnson had her home at her father's until January 25, 1838, working out at different places from time to time. She had not resided five years in Hampden, after she became twenty-one years of age, when this suit was brought.

*H. Hamlin*, for the plaintiffs.

*Kent* and *Cutting*, for the defendants.

The opinion of the Court was drawn up by

SHEPLEY J. — The parties agree, that the pauper and her father had a legal settlement in the town of Brewer, on September 30, 1834. Her father removed from that town on October 15, 1834, to the town of Hampden, where he has since continued to reside; and where he has since gained a

legal settlement. The pauper continued to be a member of·
his family, until January 25, 1838. And she does not ap-
pear to have gained any settlement of her own. Her father
had not gained a new settlement in Hampden on August 28,
1838, when she became of the age of twenty-one years. The
act of February 11, 1794, provided, that legitimate children
should follow and have the settlement of their father, if he
should have any within the State, until they gained a settlement
of their own. By a literal construction of the language, such
a child would follow and have the settlement of its father,
gained after it became of age, until it had gained one of its
own. It was decided however in the case of *Springfield* v.
*Wilbraham*, 4 Mass. R. 493, that such could not have been
the intention of the legislature; and that when the father
ceased to have any right to the service of the child, it would
no longer have a derivative settlement from its father on his
acquiring a new one. The same language was used in the
act of 1821, c. 122; and it must be presumed with a know-
ledge of the construction, which it had received in that State.

The pauper could not therefore derive a settlement from her
father, acquired by him after she became of age; and her
settlement in the town of Brewer, remains unaffected by the
settlement of her father in the town of Hampden.

*Judgment for the plaintiffs.*