## MERRIMACK *v.* HILLSBOROUGH.

Upon a petition by a town for the repayment of sums expended for the support of paupers, alleged to be chargeable to the county, it appeared that the paupers were the wife and six minor children of Jeremiah F. Harwood, whose father, Archibald Harwood, was the illegitimate son of Phœbe Howe, who at the time of his birth, in the year 1785, had a settlement in Hollis. Jeremiah F. Harwood, the son of Archibald, was born in the year 1807, and never acquired any settlement of his own. In the year 1829 he married Asenath Harris, the mother of the minors, who had a settlement in Nashua at the time of her marriage, acquired since the year 1796. *Held*, that as Archibald Harwood had no settlement of his own, he took the settlement of his mother, being illegitimate, which was in the town of Hollis, and that the minors had also a settlement in Hollis, derived from him; that as Jeremiah F. Harwood derived from his father a settlement in Hollis, his wife, Asenath, by her marriage, lost her settlement in Nashua and acquired her husband's settlement in Hollis, and that the county of Hillsborough was not chargeable.

PETITION of Merrimack for reimbursement of the amount

expended by said town for the relief of six minors, the legitimate children of Jeremiah F. Harwood, and his wife, Asenath Harwood, persons residing in said town, and standing in need of relief, and applying for the same, and whom the petitioners allege to be county paupers.

It appeared that Archibald Harwood, the father of Jeremiah F. Harwood, was the illegitimate son of Phœbe Howe, who had a settlement in Hollis at the time of the birth of Archibald, in the year 1785.

Archibald Harwood, in or about the year 1804, married a daughter of Allison Blood, of Dunstable, N. H., and about the year 1808 or 1809, went away to parts unknown, and has not been heard from since. About the year 1816 the wife of Archibald married John B. Smith, of Hudson. Jeremiah F. Harwood is the legitimate son of Archibald Harwood, and was born in or about the year 1807, and never acquired any settlement of his own. In or about the year 1829, he married Asenath Harris, the mother of these minor children, who had, at the time of her marriage, a settlement in Nashua, admitted for the purposes of this petition to have been acquired since the year 1796.

Neither Archibald nor Jeremiah F. Harwood ever acquired any settlement in this State, except as is above mentioned, and the minor children have no relations of sufficient ability chargeable with their maintenance.

The question arising upon the petition was, whether the minor children, being paupers, were chargeable to the county.

*E. P. Parker*, for the petitioner.

The six children of Jeremiah F. Harwood, the son of Archibald, are legitimate. Archibald, who was born in 1785, and who was illegitimate, had a settlement in Hollis from his mother.

Jeremiah F. Harwood, being legitimate, had a settlement in Hollis, derived from his father.

The mother of these six children had a settlement in Nashua, and was married there in the year 1829. She lost her settlement in Nashua and acquired that of her husband in Hollis. By section 3 of chapter 65 of the Revised Statutes, no town is liable for the support of a pauper, unless he has gained a settlement by some law passed since 1795.

This act abolished the settlement of Archibald Harwood, and also that of his son, derived from him, because it depended upon an act passed before 1796.

Asenath Harris had a settlement in Nashua, which she lost by her marriage, which gave her the settlement of her husband, and that was lost because it depended on a law passed before 1796.

The children born before the present act took effect, lost the settlement of their father, which was abolished.

The children born since the present law are county paupers, because they have no settlement in any town.

Where a settlement is once lost, it cannot be regained except in the mode prescribed by the statute.

*Cate*, county solicitor, for the county.

GILCHRIST, C. J. In the year 1785, Phœbe Howe had a settlement in the town of Hollis. Her illegitimate son, Archibald Harwood, took her settlement by derivation. Archibald's son, Jeremiah F. Harwood, was born about the year 1807. The question is, in what town had he a legal settlement.

The Rev. Stat. ch. 137, § 3, provides that " no town shall be liable for the support of any person, unless he, or the person under whom he derives his settlement, shall have gained a settlement therein under some law passed since the 31st of December, 1795."

The act of January 1, 1796, provided that legitimate children should have the settlement of their father. *Orford* v.

*Rumney,* 3 N. H. Rep. 331. This act was passed since the 31st of December, 1795.

Jeremiah F. Harwood, then, took by derivation the settlement of his father, Archibald, which was in Hollis. Jeremiah was born in the year 1807, and thus came within the operation of the act of January 1, 1796.

Asenath Harris, whom he married in the year 1829, had a settlement in the town of Nashua, which she lost by obtaining her husband's settlement in Hollis.

These six children, then, and their mother, Asenath, have a settlement in the town of Hollis, and consequently are not chargeable to the county of Hillsborough.

*Petition dismissed.*