INHABITANTS OF SHIRLEY *vs.* INHABITANTS OF LANCASTER.

A woman of twenty-one years of age and upwards does not follow or have the settlement of her father, which is acquired by him in a town in this commonwealth after she reaches that age; although she continues to be a member of his family, and he then, for the first time, acquires a settlement in this commonwealth.

CONTRACT brought to recover for the support of Martha W. Brunson and her minor children, who were paupers.

It was agreed in the superior court that the plaintiffs were entitled to recover provided Martha had her settlement in Lancaster, and that this question depended upon the following facts: She was the daughter of Samuel Richardson, a citizen of some one of the United States, and was born October 11th 1826, and has not in her own right or that of her husband acquired for herself a settlement in any other town in this commonwealth. Her father on the 16th of April 1845 acquired a title by adverse possession to a small piece of land in Lancaster, on which he had lived for twenty years, (as stated in the opinion,) and on which he continued to live until his death in 1853, and she was a member of his family upon these premises until her marriage in 1852. This land was taxed to Richardson for several years, but the taxes were not paid, and were afterwards abated.

Upon these facts *Vose,* J. rendered judgment for the defendants, and the plaintiffs appealed to this court.

*T. Wentworth,* for the plaintiffs. There is no doubt that Samuel Richardson had a settlement in Lancaster on the 16th of April 1848. It is objected, however, that Martha, having arrived at the age of twenty-one years before that time, became emancipated from her father, and did not follow his settlement. But no case can be found in which this alone has *ipso facto* been adjudged an emancipation, in reference to the question of settlement. The contrary has often been decided. *Alexander* v. *Bethlehem,* 1 Harrison, (N. J.) 119. *Washington* v. *Beaver,* 3 Watts & S. 548. *The King* v. *Roach,* 6 T. R. 247, 251. *The King* v. *Bleasby,* 3 B. & Ald. 377. *The King* v. *Hardwick,* 5 B.

& Ald. 176. Emancipation is a separation from the parent. No child can be emancipated, under the settlement laws, without some act on his part. *Charlestown* v. *Boston*, 13 Mass. 469. In the case of *Springfield* v. *Wilbraham*, 4 Mass. 493, it was only held that an existing derivative settlement of one who has arrived at full age, and is emancipated, will not change with a subsequent change of her father's settlement. And see *Great Barrington* v. *Tyringham*, 18 Pick. 264. The present case is quite dissimilar. Martha was never emancipated; and her father never had a settlement in any other town.

*H. C. Rice*, for the defendants.

METCALF, J. The father of the pauper acquired an estate of inheritance in Lancaster, in April 1845, by having entered on land under a parol gift thereof, claiming title thereto and continuing in exclusive possession thereof for twenty years. *Sumner* v. *Stevens*, 6 Met. 337. By afterwards living on that estate three years successively, he gained a settlement in Lancaster. *St.* 1793, *c.* 34, § 2, and Rev. Sts. *c.* 45, § 1. But when he gained that settlement, (April 1848,) his daughter, the pauper, was twenty-one years and six months old, and therefore did not follow his settlement. It was decided, more than fifty years since, in the case of *Springfield* v. *Wilbraham*, 4 Mass. 493, that upon a father's gaining a new settlement, his child of full age, although living with him, does not have the new settlement with his father. The same doctrine was expressly asserted in *Upton* v. *Northbridge*, 15 Mass. 239, though it was there held, (and also in *Taunton* v. *Middleborough*, 12 Met. 37, 38,) not to be applicable to a child who was *non compos mentis* and remained in his father's family after he was of full age. In the first of these cases (4 Mass. 493) it was said that children have derivative settlements, because the father has the legal control of their persons and the right to their service, and his minor children cannot be separated from him; that when the father ceases to have any control over his children, or any right to their service, there is no good reason why they should not be considered as emancipated, and as no longer having a derivative settlement with the father, on his acquiring a new settlement. In

*Charlestown* v. *Boston*, 13 Mass. 469, 472, it was said by Chief Justice Parker, that " our statutes do not provide that the family shall have the settlement of its head, but that the children shall have the settlement of their parents. They are no longer children, so as to take a new settlement acquired by their parents, when capable of gaining one for themselves, if they are separated from their parents by marriage or other legal emancipation." See also *Great Barrington* v. *Tyringham*, 18 Pick. 264.

In the sense in which the word " emancipation " is used in the cases concerning settlements, the pauper in this case was emancipated when she arrived at the age of twenty-one years — six months before her father gained a settlement in Lancaster. After she reached that age, her father ceased to have any legal right to her service or any legal control of her person ; and she became capable of gaining a settlement for herself.

We are aware that by the law of England this pauper would not be held to have been emancipated on coming of age, inasmuch as she afterwards continued to live in her father's family. By Aston, J., Bur. Set. Cas. (2d ed.) 807. In Gambier on Parochial Settlements, *c.* 8, it is said, among other things, that the mere circumstance of being twenty-one years of age will not, of itself, work an emancipation of a child, but that he must also be living separate from his father's family. But the English law was known to the judges who decided the case of *Springfield* v. *Wilbraham*, and who, notwithstanding, gave an authoritative construction to our statute provision that " legitimate children shall follow and have the settlement of their father." The same provision in the statutes of New Hampshire and Maine has received the same construction. *Andover* v. *Merrimack County*, 37 N. H. 441, 442. *Hampden* v. *Brewer*, 24 Maine, 281. It appears from the cases cited for the plaintiffs that the English law is followed by the courts of New Jersey and Pennsylvania.

*Judgment for the defendants.*