INHABITANTS OF BELLINGHAM *vs.* INHABITANTS OF HOP-
KINTON.

A pauper's settlement derived from that of his father, which was derived from the provisions of law in force before February 11, 1794, is not defeated by St. 1870, *c.* 392, § 2, when his father's settlement prevents his acquiring the settlement his mother had before her marriage ; and consequently is not within the provisions of St. 1871, *c.* 379, § 3.

CONTRACT to recover of the defendant town the expenses incurred by the plaintiff town in the support of Montcalm S. Pettes, a pauper.

In the Superior Court the case was submitted upon the following agreed statement of facts : " James Pettes, the grandfather of the pauper, had a settlement in Rehoboth, in this state, acquired by virtue of the provisions of law in force before February 11, 1794 ; but if he had not acquired a settlement prior to that date, he could not have acquired one after that date in Rehoboth, where he continued to reside until about 1800. About the year 1800 he removed to Hopkinton, where he resided until 1819, but acquired no settlement there, and in 1819, he was removed to Rehoboth as a pauper, and supported there as such until his death

His son Jacob Pettes, the father of the pauper, was born in Rehoboth, and came with his father to Hopkinton, being then a minor, and continued to reside in Hopkinton until his death, about the year 1832 ; but he acquired no settlement there.

" Hezekiah Rice, the grandfather of the pauper, on his mother's side, took a conveyance of a farm in Hopkinton, from the town, April 5, 1773, and from that date to the time of his death in 1827, continued to reside there, and acquired a settlement there by reason of owning and living on the farm. His daughter Sally Rice, the mother of the pauper, was born in Hopkinton about the year 1780, and continued to reside in that town until her death in 1842.

" Jacob Pettes and Sally Rice were married about 1810, and their son, the pauper, was born in Hopkinton about 1816, but had never acquired any settlement, unless one by derivation from or through his father or mother. He fell into distress in Bellingham, November 2, 1871."

If upon these facts the pauper had a settlement in Hopkinton, judgment was to be entered for the plaintiffs ; if he had not, for the defendants. Judgment was entered for the plaintiffs, and the defendants appealed.

*W. Colburn*, for the plaintiffs.

*L. H. Wakefield*, for the defendants.

WELLS, J. But for the fact that the pauper's father, Jacob Pettes, had a settlement in Rehoboth, his mother, Sally Rice, would have retained her previous settlement, and conferred it upon her children. Gen. Sts. *c.* 69, § 1. The existence of this settlement of Jacob Pettes, derived from his father James Pettes, under the law in force prior to February 11, 1794, prevented the subsequent acquisition, by the pauper, of a settlement in Hopkinton, derived through his mother from Hezekiah Rice. Under the exception in the St. of 1870, *c.* 392, § 2, he therefore retained his settlement, derived through his father from James Pettes, his grandfather.

As this settlement was neither acquired by marriage, nor defeated by virtue of the provisions of the St. of 1870, *c.* 392, § 2, it is not within the direct operation of the St. of 1871, *c.* 379, § 3

If the settlement which Sally Rice acquired by marriage would, during her life, and after the birth of children, be changed by the operation of these statutes, and her former settlement in Hopkinton be revived, still such change would not affect this case ; because the pauper was of full age when the statute making that change took effect, and his settlement would not change with that of his parent. *Springfield* v. *Wilbraham*, 4 Mass. 493. *Great Barrington* v. *Tyringham*, 18 Pick. 264. *Shirley* v. *Lancaster*, 6 Allen, 31. And besides, he having a settlement by the father, it would not change with that of the mother, even during minority. *Scituate* v. *Hanover*, 7 Pick. 139. *Walpole* v. *Marblehead*, 8 Cush. 528. The pauper has acquired no settlement in Hopkinton, and there must be *Judgment for the defendants.*