FREMONT *v.* SANDOWN.

*Pauper—Settlement—Marriage of infant.*

The marriage of a female infant prevented her taking an after acquired settlement of her father, under Revised Statutes, chapter 65, section 1.

FROM ROCKINGHAM CIRCUIT COURT.

The following facts, having been reported by a referee, are, by agreement of the parties, submitted to the superior court for such judgment thereon as they may order:

"The action is assumpsit, commenced on March 7, 1874, for the support of Mrs. Maggie French and her three minor children, alleged to be paupers and to have their settlement in said town of Sandown. It appeared in evidence that the said Maggie French and her three minor children, aged five, three, and two years, were in said town of Fremont on November 13, 1873, and from that day until the date of the writ, and were poor and unable to support themselves, and stood in need of relief, and were furnished by the overseers of the poor of said town of Fremont with necessary support, to the amount of twenty dollars, between that day and January 20, 1874; that the selectmen and overseers of the poor of said Fremont, on said January 20, 1874, made out a notice in writing under their hands to the said town of Sandown, in the usual form, stating the amount thus furnished for the support of the said Maggie French and her three minor children, which notice was duly served upon said town of Sandown on January 21, 1874, and was duly returned to the clerk of the supreme judicial court on February 5, 1874. The defendants excepted to this notice, on the ground that the notice did not give the names of the minor children, and how much had been expended for each person.

"In order to show that the said paupers had their settlement in the said town of Sandown, the plaintiffs proved that the said Maggie French was lawfully married, on May 22, 1869, to Benjamin F. French, and had by him the said three minor children; that the said Benjamin was the son of Edmund M. French, who never had any settlement in this state; that the said Edmund M. French was lawfully married, on January 18, 1842, to Polly Jane Hoyt, a daughter of Benjamin Hoyt, of said Sandown, and had by her his said son Benjamin; that the said Benjamin Hoyt lived and was taxed in said Sandown for his poll, and for his estate, exceeding four hundred dollars in value, in the year 1840, and in every year from that year to the year 1849, inclusive; that the said Benjamin Hoyt paid all the taxes which were assessed against him on his estate during those years, and that he died in the year 1849; and that the said Polly Jane Hoyt was born on the fourth day of October, A. D. 1826; and that the said Benjamin French had no settlement in the state unless he had his settlement in said town of Sandown."

*Wood,* for the plaintiffs.

*Hatch,* for the defendants.

LADD, J.   The case does not show that Mrs. French and her three children (the oldest five and the youngest three years old) did not constitute one family at the time they were relieved by the overseers of the poor of Fremont, nor that she had other children than the three mentioned in the notice.   If inferences were to be drawn, the inference certainly would be that the mother and three young children did constitute one family; and, inasmuch as she was married in 1869, and the oldest child is five years old, there is, to say the least, no ground for inferring that she had other children.   In *New Boston* v. *Dunbarton,* 12 N. H. 409, the notice was for the support of a parent and her four minor children.   It appeared at the trial that she had more than four children who were minors; and the court held the notice insufficient, on the ground that it was left uncertain by the notice which were relieved.   No such element of uncertainty was brought into this case at the trial; and I think, upon the authority of this case, and *Barnstead* v. *Strafford,* 8 N. H. 142, where it was unnecessary to specify the sums expended for each individual in case several persons constituting one family are supported together, the objections to the notice must be overruled.

The plaintiffs claim that Mrs. French and her children have a settlement in Sandown, derived through Benjamin F. French, the father of the children, from his mother, Polly Jane Hoyt; and the question is, whether, under the statutes in force from 1842 to 1847,—that is, from the time of the marriage to the time when Polly Jane Hoyt attained her majority,—the marriage of a female infant to one who has no settlement in this state precludes her from taking a settlement acquired during that time by her father.   The statute was,—"Legitimate children shall have the settlement of their father, if any he has, within this state; otherwise the settlement of their mother, if any she has, until they gain a settlement of their own."   Rev. Stats, ch. 65, sec. 1.   In *Springfield* v. *Wilbraham,* 4 Mass. 495, PARSONS, C. J., says of the Massachusetts statute of 1793, which is identical with our statute above quoted,—"If these words are taken literally, then a son of full age, who had left his father and had become the head and father of his own family, if he had gained no new settlement, would follow any new settlement acquired by his father after the son had left him.   This could never have been the intention of the legislature.   The object of this provision was to regulate the derivative settlement of legitimate children, who, when emancipated, are no longer in a condition to derive a settlement from their father.   It was accordingly held in that state, in *Charlestown* v. *Boston,* 13 Mass. 469, that the marriage of a female infant would prevent her taking the after acquired settlement of her mother.   The decision is put on the ground that, upon her marriage,

the pauper was out of the control of her mother before the settlement of her mother was gained.

I am inclined, though not without some hesitation, to acquiesce in the conclusion of my brethren that this is the right construction of the statute, and that Polly Jane Hoyt did not take the settlement of her father in Sandown, which was not acquired until after her marriage with Edmund M. French.

I cannot say that I should have entertained very much doubt in this case but for the statute of 1868, which provides that a minor, if emancipated, shall not take an after acquired settlement from the parents, and that a minor shall be emancipated, within the meaning of this act, by marriage. Laws of 1868, ch. 1, secs. 16, 17.

CUSHING, C. J. In the case of *Orford* v. *Rumney*, 3 N. H. 331, RICHARDSON, C. J., speaking of the statute of January 1, 1796, which is substantially the same as the statute in question, says,—"This clause in the statute would admit a construction which would give to a son a settlement acquired by his father at any period of the son's life, provided he had gained none in his own right; but it has always been held to extend only to children who had not been emancipated. The question, then, is, whether the pauper in this case was emancipated at the time his father acquired a settlement in Orford." This case, therefore, is exactly in point; and the question will be, whether Polly Jane Hoyt was emancipated by her marriage with Edmund M. French, which took place before her father gained his settlement in Sandown. I should have no doubt, on principle, that a female infant would be emancipated by marriage, as is held in *Charlestown* v. *Boston*, cited by my brother LADD.

SMITH, J. 1. The objection taken to the notice was not that the supplies furnished were charged in one gross sum, but that the notice did not give the names of the minor children, and how much had been expended for each person. If it had appeared that there were other minor children, then those who were relieved should have been designated in such manner that the defendants might understand which were meant—*New Boston* v. *Dunbarton*, 12 N. H. 409 ; but when the persons relieved constitute one family and are supported together, the notice need not specify the sums expended for each individual. Generally, in such case, it would be impracticable to do so. *Barnstead* v. *Strafford*, 8 N. H. 142.

2. If Mrs. Maggie French acquired a settlement in Sandown, it was because her husband, Benjamin F. French, would take the settlement, if any, of his mother, Mrs. Polly J. French, daughter of Benjamin Hoyt. At the time of her marriage, in 1842, she was a minor of the age of sixteen years, and her father had not then acquired a settlement in Sandown, and could not have acquired one before 1843. Was she so far emancipated by her marriage that she did not gain a settlement in Sandown through her father ?

By sec. 17, ch. 1, Acts of 1868 (1 Sess. Laws 128), it was enacted that a minor should be emancipated upon his marriage. According to *Hopkinton* v. *Warner*, 53 N. H. 472, that statute is not declaratory merely of a former law, common or statutory. It cannot be applied to affect the settlement that Mrs. French gained, if one was gained, through her father. The question then reverts,—Did her marriage at the age of sixteen have the effect to emancipate her so that she could not acquire the after gained settlement of her father? I think it did. In *Charlestown* v. *Boston*, 13 Mass. 469, the pauper married an alien at the age of eighteen, but continued to reside with her husband in her mother's family after her marriage. It was held that she was by force of her marriage removed from the control of her mother and could derive no settlement from her, for her mother no longer retained any control over the person, or any right to the services of the daughter.

Emancipation is " an act by which a person who was once in the power of another is rendered free." Bouv. Law Dic. By the marriage of Mrs. French her husband became seized *jure uxoris* of any estate of inheritance of which she at the time of marriage was seized, and might take the rents and profits during their joint lives. He acquired the power to sue for and reduce to possession any choses in action due to her ; he became answerable for her debts contracted before coverture ; he became bound to maintain her with necessaries suitable to her situation and his condition in life, and became liable for her torts committed during coverture ; he was entitled to her society and the benefit of her services to the entire exclusion of her father. What more complete emancipation could there be of a minor daughter from the power of her parents? It is quite clear to my mind that Mrs. French by her marriage became emancipated from her father's control, and therefore that she could not and did not take his after acquired settlement in Sandown.

According to the report, there must be

*Judgment on the report for defendants.*