Parker, C. J.
This case presents an important question, which seems yet to have been left unsettled. The pauper for whose support the suit is brought is found by the jury to have been non compos mentis; and, from the facts proved, it is to be presumed that he has been so a nativitate. In 1793, the pauper’s father had his settlement in Northbridge ; and the pauper was then twenty-one years of age, and, but for his imbecility, was capable of acquiring a settlement himself. The removal of his father to Upton, and his regaining a settlement, would not, but for the cause aforesaid, have carried with it the settlement of the pauper, but his settlement would have remained in Northbridge until he had gained a new one in his own right.
We are clear that, being non compos, he remained one of his father’s family, and continued to derive his settlement under him. The pauper was not capable of any act by which he could gain a settlement for himself; and therefore, like a slave in former times, or a wife, or minor children, his settlement changed with that of his father.
As to the objections which have been raised in the argument that a non compos may inherit land, or may, by possibility, acquire property in other ways, we do not mean to decide that a person so circumstanced cannot, by virtue of his estate, acquire a settlement. *221 It has been decided that minors who are forisfamiliated, may, under the statute of 1789, c. 14, by occupancy of estate belonging to them, acquire a settlement. (1) But, in the case before us, the pauper had no estate, and he continued of his father’s household as much as his wandering life would allow ; and no town ever ventured to consider him as subject to any of the duties of a citizen, (a)

Judgment on the verdict.

 7 Mass. Rep. 1, Granby vs. Amherst.

 Vide Holyoke vs. Haskins & Ux. 5 Pick. 20. — Cutts vs. Haskins & Al. 9 Mass. Rep. 514. — Buckland vs. Charlemont, 3 Pick. 173.