## DECKER *vs.* FREEMAN & al.

A vote of proprietors, authorising a committee *to sell* lands, empowers them also to make deeds, in the name of the proprietors.

Of the form of a deed by a proprietors' committee.

This was an action of covenant broken, against the defendants, in which the plaintiff claimed to charge them in their individual capacities upon the covenants in a deed which they made in pursuance of a vote of the proprietors of *Pearsontown*; to which they pleaded *non est factum.*

The material parts of the deed were as follows:—" Know all " men by these presents that the proprietors of the township " lately called *Pearsontown*, but now *Standish*—by *Benjamin Tit-* " *comb*, *Samuel Freeman*, and *Joseph Holt Ingraham*, a committee " legally appointed and empowered at a meeting of said proprie- " tors holden *Jan.* 11, 1791, to sell the remainder of the thirty " acre lots laid out to be given to settlers in said town, in con- " sideration"—&c.—" And the said proprietors for themselves, " their heirs, executors and administrators do covenant"—&c. —" In witness whereof the said proprietors by their committee " aforesaid, who subscribe this deed in the name and behalf of " said proprietors, have hereunto set their hands and seals"—&c. The vote referred to in the deed was produced and read, authorizing the committee *to sell* the lands therein mentioned.

Weston J. before whom the cause was tried, directed the jury to find for the plaintiff, reserving the effect of the deed for the consideration of the whole Court, the parties agreeing that judgment should be entered as the Court should determine.

*Adams*, for the plaintiff, contended that it was not the deed of the proprietors, because the committee had no authority to *give deeds*, but only to *make contracts* for the land;—and if the authority had been sufficient, it was not pursued, but the deed being signed and sealed by the individuals in their own names and with their own seals, it was their deed. *Elwell v. Shaw* 16 *Mass.* 42. 1 *Greenl.* 339. S. C. *Stinchfield v. Little* 1 *Greenl.* 231. 1 *Dane's Abr.* 297. 1 *Chitty Pl.* 24. 4 *Mass.* 595.

*Longfellow,* for the defendant, replied that the authority *to sell* necessarily imported a power to make deeds;—*Lambert v. Carr,* 9 *Mass.* and that a deed from *quasi* corporations of this kind, which have no common seal, could not be executed in any other manner than this. *Wilks v. Back* 2 *East* 143. *Paley on Agency* 152, 153, and cases there cited. But if it be not the deed of the proprietors, yet it contains no covenants *in the name of the defendants,* and they therefore are not liable in this action.

WESTON J. at the *August* term in *Oxford,* delivered the opinion of the Court as follows.

The cases of *Elwell v. Shaw* and of *Stinchfield v. Little,* cited in the argument, were well considered, after an elaborate examination of the decisions bearing upon the question, from *Combe's* case to the more modern authorities. Whatever we may think of some of the principles there decided, if the subject were *res integra,* we consider the doctrine deduced and laid down in these cases as now too well settled to be shaken. But we are not disposed to extend it to cases, fairly distinguishable from those, which have been cited.

In *Elwell v. Shaw, Joshua Elwell,* having a power from *Jonathan Elwell,* undertakes to convey the land of *Jonathan,* but uses his own name in the deed, as attorney to *Jonathan;* " I the said *Joshua,* by virtue" &c. do hereby &c. At the close he says, " In " witness whereof I have hereunto set the name and seal of the " said *Jonathan*" &c., but it is signed *Joshua Elwell* and a seal.

In *Stinchfield v. Little,* the deed begins, " Know all men" &c. " that I *Josiah Little,* by virtue of a vote" &c. and in behalf of the *Pejepscot Proprietors, he* covenants, and at the close says, " I " the said *Josiah Little,* by virtue of the aforesaid vote, do here- " unto set my hand and seal."

But in the case before us, every part of the deed is in the name of the proprietors. They grant; they covenant; and it closes with these words: " In witness whereof the said proprietors, by " their committee aforesaid, who subscribe this deed in the name " and behalf of said proprietors, have hereunto set their hands " and seals." The committee therefore do not act in their own

name; they act in the name of their principal; and that is all which the rule of law requires.   In the case of *Wilks v. Back* 2 *East* 142, it was decided that it was immaterial whether the deed was signed A. B. for C. D. or C. D. by A. B. and that " there " is no particular form of words required to be used, provided the " act be done in the name of the principal."   The deed in this case has three seals.   One would have been sufficient; but if the proprietors affixed their seal three times, instead of once, we are not aware that the validity of the deed is thereby impaired.   The committee did not profess to use their own seals, but the seals of the proprietors.

Upon full consideration, this deed does not appear to us to be the deed of the defendants.   The verdict is therefore set aside, and a nonsuit is to be entered, and the defendants allowed their costs.