### INHABITANTS OF TAUNTON *vs.* INHABITANTS OF MIDDLEBOROUGH.

A parent does not gain a settlement in a town by residing therein ten years together, and paying all taxes assessed on him for five of those years, if, during such residence, he is supplied by the town, in which he has a settlement, with money to aid him in supporting his helpless children.

ASSUMPSIT to recover expenses incurred by the plaintiffs in the support of Henry Andrews, a pauper, son of Henry Andrews deceased. The case was submitted to the court, upon the following agreed statement of facts:

" The legal settlement of Henry Andrews, the father of the pauper, was in the town of Taunton, and the pauper's settlement is still in that town, unless he acquired a settlement in the town of Middleborough, by the following facts and circumstances: The pauper himself acquired no settlement in

Taunton, unless through his father. His father resided in Taunton, and the pauper lived in his family until 1829, when his father went to reside in Middleborough, the pauper being in his family, and then of the age of twenty eight years, and being at that time, and long before he came of age, and until the present time, an idiot. His father continued to reside in Middleborough until September 1844, when he died; the pauper all that time living in his family. In October of the same year, the overseers of the poor of Taunton removed the pauper to the alms house in Taunton, where he still continues; and the action is brought for the expenses of supporting him there since March 1845. His father was taxed in the town of Middleborough, every year, from 1833 to 1843, inclusive. In July 1839, he had paid all the taxes assessed upon him for the first five years; and the subsequent five years' taxes also were paid. It appears by the books of the selectmen and overseers of the poor of Taunton, that various sums of money were paid by them to the pauper's father, to aid in the support of the pauper, while they lived in Middleborough; from 1829 to 1834, inclusively, five dollars a year; in 1837, 1838 and 1839, fifteen dollars a year; in 1841, 1842 and 1843, twenty dollars a year. If the fact be admissible in evidence, it is agreed that the pauper's father was a man of no visible property or estate, while he resided in Middleborough. It is also agreed that due notice was given by Taunton to Middleborough, and due rejection made by Middleborough to Taunton."

*Pratt,* for the plaintiffs. The pauper, being an idiot, had no settlement but that of his father. *Upton* v. *Northbridge,* 15 Mass. 237. *Buckland* v. *Charlemont,* 3 Pick. 173. The father gained a settlement in Middleborough, by residing there ten years together, and paying all taxes assessed on him five (and more) years within said time. *St.* 1793, *c.* 34, § 1, art. 12. Rev. Sts. *c.* 45, § 1, art. 12. Evidence that he had no visible property is inadmissible. The defendants are estopped to deny that he was rightly taxed. *Monson* v. *Chester,* 22 Pick. 390. *Boston* v. *Dedham,* 4 Met. 178

The contribution, by the plaintiffs, towards the support of the son, did not prevent the father from gaining a settlement in Middleborough. *Berkeley* v. *Taunton*, 19 Pick. 480. The defendants will rely on *East Sudbury* v. *Waltham*, 13 Mass. 460. But in that case the ten years had not elapsed. And in *East Sudbury* v. *Sudbury*, 12 Pick. 1, ten years' residence was not shown, and the pauper received support as such. If support of the son made the father a pauper, then he might have been removed to Taunton ; and might also have been deprived of his right to vote.

*Eddy,* ( *Coffin* was with him,) for the defendants. A party cannot gain a settlement while he is receiving support. 13 Mass. and 12 Pick. cited by the plaintiffs' counsel. *Brewster* v. *Dennis*, 21 Pick. 233. *West Newbury* v. *Bradford*, 3 Met. 428. These cases are conclusive, unless there is a difference between supplying a party himself, and supporting his family ; and the case of *Norwich* v. *Saybrook*, 5 Connect. 384, shows that there is no such difference. The pauper, though residing in Middleborough, was under the pupilage of the plaintiffs, and the effect was the same as if he had resided in Taunton. *Eastwoodhey* v. *Westwoodhey*, 1 Stra. 438. *St. Michael's* v. *St. Matthew's*, 2 Stra. 831, and 2 Sessions Cases, 154. *Springfield* v. *Wilbraham*, 4 Mass. 493. *Charlestown* v. *Boston*, 13 Mass. 469.

The case of *Berkeley* v. *Taunton*, 19 Pick. 480, was decided on its peculiar facts ; it not appearing that the pauper's husband knew that she was supported in Berkeley.

HUBBARD, J. *   In this case it is agreed that the original settlement of the father of the pauper, and of the son, was in the town of Taunton. The settlement of a son is derivative, and follows that of his father, until he gains a settlement of his own. Rev. Sts. c. 45, § 1, art. 2. And the pauper son, for whose support this action is brought, was an idiot, and therefore not competent, though of age, to gain a

---

* In this and the four following cases, the decision was made at April term 1847, at Taunton.

settlement for himself, because incapable of volition, of exercising the power of choice ; and not having estate of his own upon which any question can arise, it is clear that his settlement follows that of his father. *Upton* v. *Northbridge,* 15 Mass. 237. Therefore the only question is, whether the father gained a settlement in Middleborough ; and this depends upon the single point, whether moneys paid by the town of Taunton to the father, to aid him in support of this child, will prevent his having gained such settlement. The father resided in Middleborough from 1829 till 1844, and during that time paid taxes for ten years. But he likewise, during twelve years of the time, received moneys from the town of Taunton to assist him in supporting his son.

If the father had received the assistance for his own personal relief, the case would come directly within the letter of the decisions in the cases of *East Sudbury* v. *Waltham,* 13 Mass. 460 ; *East Sudbury* v. *Sudbury,* 12 Pick. 1 ; *Brewster* v. *Dennis,* 21 Pick. 233 ; and *West Newbury* v. *Bradford,* 3 Met. 428 ; which give a construction to *St.* 1793, *c.* 34, § 1, art. 12.

Does the fact, then, that the aid was furnished to assist the father in the support of the son, present a different case in principle from that where the aid is given for the personal relief of the party applying ? We are of opinion that it does not. The parent is bound to support the son, in whole or in part, according to his ability. Rev. Sts. *c.* 46, § 5. The son was a member of the family, entirely dependent on the father ; and the father was unable to maintain him without assistance ; and that assistance was furnished by the plaintiffs. But if the father had applied to Middleborough for aid, when he applied to Taunton, and it had been furnished by Middleborough, Taunton would have been obliged to refund it ; the father having gained no settlement in Middleborough. And we are clearly of opinion that aid furnished to the father and intended for him to aid in the support of the son, is, within the spirit of the decisions, and within the meaning of the law, aid furnished to himself. By reason of his own poverty, he could

not support his helpless son. He applied for relief. It was a relief to himself; for if he had applied his own means to support his son, then the needed aid must have been applied to himself; and the difference is in the name merely. In *Berkeley* v. *Taunton*, 19 Pick. 480, which was assumpsit for expenses incurred in the support of a female pauper in Berkeley, whose husband had gained a legal settlement in Taunton by ten years' residence, and five years' payment of taxes, unless the assistance rendered to his wife, (who had continued to reside in Berkeley, after her husband removed to Taunton,) prevented him from gaining such settlement, the court, for the reasons stated, from the facts proved, held that it did not; for the relief was furnished without any application of his, and he was never applied to for payment, nor did it appear that he knew of her being supported as a pauper, or that he was not of sufficient ability to maintain her. But the court add, " had the support been furnished at his request, it might have presented a quite different question." Here the son resided with the father, helpless and dependent; the father, not being of sufficient ability, applied for assistance, which he needed. He was, therefore, within the meaning of the law, so far supported by the town of Taunton, while living in the town of Middleborough, as to prevent his gaining a settlement in Middleborough.

*Judgment for the defendants.*