(\*) INHAB'TS OF TREMONT *versus* INHAB'TS OF MT. DESERT.

An arrival at the age of twenty-one years does not emancipate a child, resident in his father's family, and *non compos mentis.*

Supplies furnished by a town for the support of such child, though more than twenty-one years of age, render the father constructively a pauper.

ON FACTS AGREED.

ASSUMPSIT to recover $\frac{44}{100}$ of the expense, incurred by the plaintiffs in supporting one Robinson and his wife as paupers.

By an Act of 1848, the town of Mount Desert was divided, and one part of it was incorporated into the town of Tremont.

The Act contained a provision, that the latter town should "assume the support of such proportion of all persons supported as permanent or occasional paupers, by said town of Mount Desert, as the last valuation of that portion hereby set off, bears to the whole valuation of the town of Mt. Desert." That proportion was found to be forty-four one hundredths.

At the time of the division of the town, Robinson and wife had their settlement in Mount Desert, and resided, and had resided for many years, in that part which was set off into Tremont.

After the division of the town, they, in Feb'y, 1851, fell into distress in Tremont, and there received the supplies, to recover the forty-four one hundredths of which this suit is brought.

In support of the action, the plaintiffs contend, that at the time when the town was divided, Robinson and wife were supported, either as permanent or occasional paupers, by Mount Desert.

It was agreed, that Robinson and wife had a son, born about the year 1806. This son was *non compos mentis*, and

Tremont *v.* Mt. Desert.

always resided at his father's house, until after the incorporation of Tremont. His support was furnished by his father, until about the year 1843 ; after which time, (his father not being of sufficient ability to support him any longer,) he became a pauper, and his support was paid for to his father, at first by Mt. Desert, and then by persons, who from time to time contracted with the town of Mt. Desert to support all or a part of the paupers of that town ; and since the organization of Tremont, he has been supported by the plaintiffs and defendants jointly, his father receiving for his support about $1, per week, until Feb'y, 1851, since which time said Robinson and wife are admitted to have been paupers within the meaning and intent of R. S. c. 32.

Whether, at the division of the town, Robinson and wife were themselves paupers, in consequence of the receiving the compensation for supporting their idiot son, is the question to be decided.

*Robinson*, for the plaintiffs.

Stephen always made one of his father's family, and for his support Mount Desert had, for years, made some provision, by payments, as agreed, to the parent. The son, so far as appears, had no estate. Though he had long passed the years of childhood, he was still in the infancy of mind, and from the guardianship of his parents, no law, human or divine, had ever emancipated him. *Wiscasset* v. *Waldoboro'*, 3 Greenl. 388 ; *Upton* v. *Stockbridge*, 15 Mass. 237 ; *Milo* v. *Kilmarnock*, 2 Fairfield, 455.

Supplies furnished by the town for the support of the family under such circumstances, must be considered as supplies indirectly furnished to the father, thereby having the effect to constitute him a pauper. *Green* v. *Buckfield*, 3 Greenl. 136 ; *Hallowell* v. *Saco*, 5 Greenl. 143 ; *Garland* v. *Dover*, 17 Maine, 441 ; *Dover* v. *Garland*, 23 Maine, 410 ; *Clinton* v. *York*, 23 Maine, 167 ; *Sanford* v. *Lebanon*, 31 Maine, 124.

And this effect had been produced long before the incorporation of Tremont. The town of Mount Desert is, therefore,

bound to contribute to the support of the pauper, as claimed in this suit.

*Herbert,* for the defendants.

After the son became of age, there was no obligation upon his father to support him, until adjudged of sufficient ability. *Loomis* v. *Newhall,* 15 Pick. 159, 163. But the case itself finds the father had no such ability. He had provided for his children so long as he was able, and until they had all arrived at twenty-one years of age, and until this unfortunate son was thirty-six. He had supported him 14 years longer than he was bound to do; and having been impoverished by that very proceeding, is he now to be punished for it by disfranchisement?

The case of *Garland* v. *Dover,* cited by counsel, extends no farther than to say that supplies, furnished to a *minor* child, are supplies furnished to the father, and may thus constitute him a pauper. *There,* however, it did not appear that the father had no ability to support the child.

But that doctrine has never been carried further than to the cases of *minor* children. The only liability as to others, is after an adjudication, under R. S., c. 32, § 6, that the father was of sufficient ability for their support. *Mills* v. *Wyman,* 3 Pick. 207; *Loomis* v. *Newhall,* 15 Pick. 162, 163.

This suit is brought, as well for the supplies furnished to Robinson's wife as for those furnished to himself. But she was not a pauper. Supplies to the husband have never been held to constitute his wife a pauper.

SHEPLEY, C. J. — The suit has been commenced to recover for supplies furnished to David Robinson and wife. It is agreed, that Robinson had a legal settlement in Mt. Desert before that town was divided by the Act of June 3, 1848, and that he was not a pauper at that time, unless he became so by supplies furnished to his son, who resided in his family, being *non compos mentis,* and more than twenty-one years of age. That son had been supported by the town for about five years, the father being poor, but having a little property.

It has been decided, that a *non compos* child residing in his father's family, and more than twenty-one years of age, is not emancipated, and that he will acquire a new settlement derived from the father, and by him gained after the child is of age. *Upton* v. *Northbridge*, 15 Mass. 237 ; *Orford* v. *Rumney*, 3 N. H. 331 ; *Wiscasset* v. *Waldoboro'*, 3 Greenl. 388.

The relations of a father to his minor children being in such cases continued, the obligations which arise out of them must be continued, and the father must be as liable to provide for such a child as he would be if he were under age.

Such being the relations and obligations of David Robinson to his *non compos* son, he must be regarded as a pauper by supplies furnished for the support of that son.

*Defendants defaulted.*

TENNEY, HATHAWAY and APPLETON, J. J., concurred.

RICE, J., dissented.