Sedgwick, J.
This case presents two questions for the consideration of the Court.
1. Did Henry Soule take an estate tail in the demanded premises by the devise expressed in the will of Nathaniel Soule 1
2. Supposing Henry Soule did take an estate tail by the devise, was the same barred by the deed of Nathaniel, the father of the demandants, to Pardon Brightman 1
As to the first question, whether Henry Soule did take an estate tail in the demanded premises, we have no doubt that the devise must be so construed. It is unnecessary to state the words of the devise, as it is impossible to raise a question as to the construe tian of them.
Secondly. Supposing that an estate tail was created by the devise, was it barred by the deed of the demandant’s father to Brightman 1 This depends upon the true construction of the statute of 1791, c. 60, for providing a more easy and simple mode of barring estates tail in lands, and for making the same liable to the payment of the debts of the tenant in tail.
In the first section of the statute, it is enacted that the tenant in tail, so seised and possessed, being of full age, “ may, by deed duly executed before two or more credible subscribing witnesses, acknowledged, &c., and recorded in the records of deeds for such county, for a good or valuable consideration, bona fide, give, grant, sell and convey such lands, tenements or hereditaments, or any part thereof in fee simple, to any person capable in law of taking and holding real estate in this Commonwealth ; and such deed, so executed, acknowledged and recorded, shall be sufficient ir. [ * 64 ] law to bar all estates tail in such lands, tenements and * hereditaments ; and all right and title of the tenant or tenants in tail, and their issue in tail; and of all others claiming under, and by force of the original gift or grant, which created such estate tail in and to such lands, tenements or hereditaments, and all reversions and remainders expectant upon the determination of such estates tail, and to pass and vest the absolute inheritance in fee simple of such lands, tenements or hereditaments, in such purchasers or grantees, without any fine or common recovery made or suffered, or any other act or ceremony whatever; any law, usage or custom to the contrary notwithstanding.”
It is agreed between the parties that Henry, the devisee entered, and became seised as the law requires, and died siesed, and that Nathaniel, who must be understood to be the heir at law, on the death of his father entered, and became seised of the demanded *47 premises, and during his being so seised, on the 8th of December, 1804, being of full age, by his deed of that date, duly executed before two credible subscribing witnesses, and acknowledged before a justice of the peace of the county where the land lies, and recorded in the records of deeds of that county, purporting to be for a good and valuable consideration, and bond fide, gave, granted, sold and conveyed the demanded premises, in fee simple, to one Pardon Brightman. And after stating several other conveyances, it is expressly agreed that in fact there was no consideration for either of the deeds; but the intention and design of the parties thereto was thereby to bar the said entail, and to cause the said Nathaniel to be. seised thereof in fee simple.
Was the estate tail barred by the deed of Nathaniel, the tenant in tail, made under these circumstances, from the consideration, and with the intent, that are expressed in the agreement of the parties ?
Antecedent to the statute, the tenant in tail could not, by any deed of his own, affect the interest or estate of his heir, or of those in reversion or remainder; and * when the [ * 65 ] legislature gave a new power to the tenant in tail, it ought not, I think, in the execution, to be extended beyond the express in tendment of the words in which that power is given. The tenant in tail cannot now, by a lease of any kind, nor by any deed, except it be by a conveyance in fee simple, encumber the estate after his death ; and to come immediately to the case before us, a deed, to avail and bar the estate tail, must be made for a good or a valuable consideration, and bond fide. Now, although the deed in this case vurports to have been made both for a good and valuable consideration, yet in fact it was made neither for a good nor a valuable consideration. The deed, then, was not made in either of the instances authorized by the statute. Nor is this merely technical reasoning ; for I think that the legislature might very reasonably authorize the tenant in tail to make a deed, conclusive against the estate of the heir, and that of those in reversion and remainder, for a good or for a valuable consideration, and yet at the same time determine that he should not be permitted to make a deed, when the only consideration and intent was to enlarge his own interest from a fee tail to a fee simple estate. The tenant might be empowered for a good consideration, from a charitable regard to those of his urn blood; or for a valuable consideration, bond fide, to make a conveyance by deed in fee simple; and yet not be authorized to make such a deed merely for his own benefit.
It does in truth appear to me, that a deed not made for a good or valuable consideration, but purporting to be so made, cannot be said to be made bond fide. Supposing the real consideration of *48 making the deed had been expressed in it, would it not be apparent that the design was to elude the real meaning of the statute ? Had the tenant in tail thus expressed himself, Forasmuch as it [ * 66 ] is my desire to bar the estate tail ivhich I have * in the ' • id, [describing it] by converting the same into an estate Oj inheritance in fee simple in myself, and whereas A. B., upon my conveying the estate to him, has undertaken to reconvey the same to mt in fee simple, now confiding in the said undertaking, and for the consideration aforesaid, I do give, Sfc. [the premises] to him, his heirs and assigns. Would such a deed, according to the true intent of the statute, be sufficient to bar the heir in tail? I think not. Yet this is precisely the nature of the deed in this case relied upon, to defeat the claim of the demandant. He who is not a party to the transaction is not precluded from showing its true nature; but the necessity of his doing it is superseded by its being done by the agreement of the parties.
It may not be improper to observe, that it is not intended, by any thing which has been said, to ascertain or suggest what is the meaning of the statute, in requiring that the deed of the tenant in tail, to be effectual, must be bona fide.
It has been supposed that the intention of the legislature was, by the act, to give to the tenant in tail the same control over the estate to convey by deed, as he had to convey by fine or common recovery. But it is apparent that this is not so; for by common recovery, every species of estate, an estate tail for instance, may be created ; whereas, by the statute, the tenant in tail can convey only in fee simple. Why, in this particular, the tenant was restrained, it is unnecessary to inquire. It is sufficient that he is so restrained; and this shows, i ncontrovertibly,, that the legislature did not intend to give to the tenant in tail as extensive a control over the estate to convey by deed, as he had to convey by common recovery.
On the whole, it is the opinion of the Court, that the demandant is not barred by the deed of his father to Brightman.

Judgment for the demandant.

[ * 67 ] * Note. After the opinion of the Court was delivered,
Parker, J.
said he thought it proper, in order to • guard against the precedent in this case being extended too far, to observe that if the parties had not expressly agreed that no valuable consideration had been paid, it would have been difficult to get over the express averments of the deed (a).

 Lithgow vs. Kavenagh, 9 Mass. 161. 3d Ed. — Wheelwright vs. Wheelwright & al. 2 Mass. 447.