By the Court.

The question in this action arises on the con , struction of the indenture between John Vassall and Thomas Oli ver, therein named, as the trustee of his sister Ruth Davis, the substance of which is recited in the case agreed by the parties. B appears that Vassall, being seised in fee of the demanded premises, conveyed them to Oliver and his heirs, habendum to the use of Ruth Davis during her natural life, and after her death to the use of her husband, Edward Davis, during his natural life, and after his death to the use and behoof of the joint heirs of the body of the said Ruth and Edv'ard, by them lawfully begotten. And the estate, “ so limited.to tne said Ruth,” is declared to be in trust, that in case oi the failure of her husband in business, or his insolvency, the premises are to be exempt from the demands of his creditors, and to be reserved, by the said trustee, to the separate use of the said Ruih for her life.
*453 The demandant is the eldest son of the said Edward and Ruth, who are both deceased, the said Edward having survived his wife.
The counsel for. the demandant have insisted that the case was within the rule established in Shelly’s case, (1) and that this was an estate tail in Edward and Ruth Davis; and that the demandant, being their eldest son, is entitled, as heir in tail, to the whole of the demanded premises; while the counsel for the tenants have argued that the rule in Shelly’s case does not apply, because the estate for the life of Edward and Ruth Davis was a trust estate, and the estate limited to the heirs is not an equitable, but a legal estate.
The endeavor of courts of law, in modem times, has been to give a construction, to deeds as well as wills, conformed to the intent of the parties, as far as such intent is discernible, and is consistent with 'the rules of law. This Court *has always inclined to construe an estate in trust to be an estate to uses, for this reason,—that we have no Court of Chancery to compel the performance of trusts, (a)
In the indenture in the case at bar, the word trust is only used in the latter clause, which contains the provision that Oliver might interfere, and secure the profits to Ruth Davis, the wife. And it is not necessary now to consider the effect of this provision. Both estates may be considered as legal estates; and if there was a trust estate in Oliver, it was determined by the death of Ruth Davis On that event, a legal estate vested in Edward Davis, for term of life, with remainder to the joint heirs of the body of Ruth, begotten by Edward. Then the rule in Shelly’s case comes in, and creates an estate in special tail, as the demandant has alleged; (b) and he is entitled to judgment, unless his conveyance of one seventh part to his brother Edward affects his right. But at the time of that conveyance, the demandant had nothing in the premises; he was but heir apparent; and nothing passed by his deed, (c)
According to the agreement of the parties, the tenants are to be *454 called, and judgment is to be entered, that the demandant recove! possession of the demanded premises, with costs.

Tenants defaulted

 1 Co. 104.

 [See Revised Statutes, c. 81, § 8, where jurisdiction in equity is given in all cases of trusts. — Ed ]

 [See Eastman vs. Trull, Middlesex Supreme Judicial Court. 1841. — Ed ]

 [ Quære.—Under the laws of Massachusetts, as they were at the time of the making of this will, or as they have been at any time since, relative to descents, could the eldest son in this case be alone entitled, as heir, in special tail ? An estate tail in England, where it originated, descends to a certain designated class of heirs, according to the will of the testator, and the English laws of descent. Why, then, should it not here descend to a like class, according to the will of the testator, and our laws of descent? If, in England, an estate in tail may descend to the eldest male heir, because he inherits according to the laws of descent there, why, on the same principle, should it not here descend to the male heirs generally, according to our laws of descent? — See Robinson on Gavelkind, 119.— Weeks vs. Carvel, Noy, Rep. 106.—Ed.]