## ICHABOD CORBIN *et al. versus* JOSHUA HEALY.

The owner of certain real estate, in 1793 conveyed it to his daughter " and to *het heirs born of her body*," " to have and to hold *the same* " to her " *and her heirs forever*," and covenanted with her " and *her heirs as aforesaid*," that he would warrant and defend the same to her " *and her heirs as aforesaid*," against the lawful claims of all persons. It was *held*, that a present estate tail passed to the daughter by the deed; and that consequently, upon her death, it descended to her eldest son, to the exclusion of her other children.

WRIT of entry, to recover about fifty acres of land.

In the Court of Common Pleas, the parties stated a case.

The demandants were the children and heirs at law of Rhoda Healy, late of Dudley, deceased, under whom both parties claimed title ; and the tenant was her oldest son.

On May 16, 1793, Jedediah Marcy executed a deed, whereby, in consideration of the love and affection he bore to his daughter Rhoda, wife of Stephen Healy, he conveyed " unto the said Rhoda and to *her heirs born of her body*, to be to her and them forever," the demanded premises, " to have and to hold *the same* " to her " *and her heirs forever*," and covenanted with her "*and her heirs as aforesaid*," that he was seised thereof in fee simple, and that he would warrant and defend the same to her " and her heirs as aforesaid," against the lawful claims of all persons.

If the grantee, under this deed, took such an interest in the land as would descend to her heirs at law, the tenant was to be defaulted ; otherwise the demandants were to be nonsuited.

*Oct. 6th.*    *Child*, for the demandants, to the point, that even if the deed vested an estate tail in the grantee, it descended, upon her death, to all her children, cited *St.* 1783, *c.* 36, § 1 ; *St.* 1789, § 2 ; *St.* 1805, *c.* 90, § 1 ; Revised Stat. *c.* 61, § 1.

*Washburn* and *Hyde*, for the tenant, to the point, that this was a grant of an estate tail with a fee simple expectant, cited *Stafford's Case*, 8 Co. 146 ; Com. Dig. (Day's ed.) *Estates by Grant*, B 3, *and* note ; Cruise's Dig. *tit.* 32, *Deed*, *c.* 23, § 65 ; and to the point, that this being so, the estate descended to the eldest son of the grantee, Anc. Charters, &c. 230 ; *St.* 1783, *c.* 36, § 1 ; *St.* 1789, *c.* 2 ; *St.* 1805, *c.* 90, § 1 ; Cruise's Dig. *tit. Descent*, *c.* 3, § 23, 25 ; *Rich*

*ardson* v. *Noyes*, 2 Mass. R. 62 ; *Hawley* v. *Northampton*, 8 Mass. R. 3 ; *Davis* v. *Hayden*, 9 Mass. R. 514.

SHAW C. J. delivered the opinion of the Court. The demandants as heirs general of Rhoda Healy, bring this action against Joshua Healy, who is the eldest son and heir in tail of Rhoda Healy deceased. The question is whether Rhoda was tenant in tail, by force of the deed of her father, Jededial. Marcy, under which she took the estate and held it, to the time of her decease ; and, secondly, if she so died seised as tenant in tail, whether by law the estate descended and vested in the tenant as her heir in tail.

The first question depends entirely upon the construction of the deed of Jedediah Marcy. He thereby, in consideration of love and affection, granted the land described, to his daughter, Rhoda Healy, wife of Stephen Healy, and to her heirs, born of her body. These words, by all the rules of construction, constitute an estate tail general to her, unless controlled by other parts of the deed. In the *habendum* it is, to hold the same to her and *her heirs forever*. From this it is contended, that the estate is enlarged to a fee, because in the *habendum*, it is limited to her heirs generally and not to the heirs of her body.

But we think this is not so. In general the *habendum* refers to the premises, and declares the estate which the grantee shall hold in them ; but it is conceded that the *habendum* may sometimes enlarge or diminish the grant, when it is so worded as to show a clear intention to do so. But here the *habendum* is not in terms, to hold the land, but to hold *the same*, that is, the limited estate in the land before granted, which was an estate tail ; and then the generality of the word " heirs " in the *habendum* may be well construed to be limited to those heirs, who by law could take that estate, namely heirs of her body.

But whether this construction can be entirely relied on or not, there is another principle applicable to the case, which is decisive of the present question. When both parts of a deed may well stand together consistently with the rules of law, they shall be construed to have that effect, rather than be held repugnant. Here the intention is clear in the premises, to grant an estate tail. If the limitation to heirs general in the *habendum*, shows an intent to enlarge it to a fee, it may have

its effect by construing it as a present estate tail, with a fee simple expectant, that is, after the determination of the estate tail. Lord *Coke* says, that where a person, in the premises of a deed, gives land to another and the heirs of his body, *habendum* to him and his heirs forever, he will take an estate tail, with a fee simple expectant. Co. Litt. 21 *a*; Cruise's Dig. *tit.* 32, *Deed*, *c.* 23, § 65. And the same rule is repeated in most of the elementary books on this subject. By this rule, the grantee in tail having issue at her decease, the fee simple expectant had not arisen and the estate tail continued and descended to the heir in tail.

The other clause in the deed, supposed to control the operation of the premises creating an estate tail, is the covenant, in which the grantor covenanted with Rhoda and *her heirs as aforesaid*, that he was seised, &c. and would warrant and defend to Rhoda and her *heirs as aforesaid*.

In general the covenants can only extend to the estate granted, and there must be something very peculiar in their terms to warrant such a construction of them as to enlarge the estate granted in the premises.

But in the present case, the terms of the covenant must be taken distributively, and held to extend to heirs in tail, or heirs general, according as they may severally take interests under the other parts of the deed. If it was solely an estate tail, then *heirs as aforesaid* must be understood heirs in tail, entitled to take. If an estate tail with a fee simple expectant was granted, then the covenant was to enure according to such construction, when the heirs general should come in. It does not alter the construction and legal effect of the other parts of the deed.

It was suggested in the argument for the demandants, but not much insisted on, that the common law rule, limiting the descent of an estate tail to the eldest male heir, has been abrogated or controlled by the Massachusetts statute of descent.

The statute of descents, *St.* 1783, *c.* 36, § 1, is not expressly limited to lands, of which a party shall die seised in fee simple; but we believe it has always been so construed, as well as the earlier statutes of the Province and Colony, of which that was a revision. The *Prov. St.* 4 *Wm. & Mary*, *c.* 2,

˴Anc. Chart. 230,) expressly limited the general law of descents to estates in fee simple. But the statute of 1783 was modified and altered by *St.* 1789, *c.* 2, taking away the provision for a double share to the eldest son, and providing for an equal distribution, and this was limited to the case of estates in fee simple. And the same words are used in the statute of 1805, which was a revision and substantial reënactment of the old laws, drawn up with great care and accuracy. It provides for the descent of estates, held in fee simple or for the life of another. It leaves estates tail as they stood at common law. The existence and incidents of an estate tail, have always been recognised in this Commonwealth, and provisions made for an easy mode of barring them ; and common recoveries to bar them have been in frequent use. *St.* 1791, *c.* 60, § 1 ; *Hawley* v. *Northampton*, 8 Mass. R. 3 ; *Davis* v. *Hayden*, 9 Mass. R. 514.

The Court are of opinion, that the tenant took the whole estate as heir in tail to his mother, and that the demandants are not entitled to recover.