# CASES

# SUPREME JUDICIAL COURT

## Moses Riggs *vs.* James Sally.

By a devise of lands to one, " to hold the same to him and the heirs of his body forever," the devisee takes an estate in tail general.

If a testator devise an estate tail to his oldest son, and afterwards in the same will provide, that if the oldest son should die without issue of his body, " that then from and after his death, the estate herein before devised to him shall enure to my second son, and the male heirs of his body forever;" and if the oldest son die without ever having had issue, the second son having died before the oldest son, leaving four sons surviving the oldest son of the testator; on the death of the first devisee, the oldest son of the second devisee takes the estate in fee tail.

A tenant in tail, by the provisions of the *Massachusetts* statute of 1791, *c.* 61, in relation to entailed estates, which was reenacted in the *Maine* statute of 1821, *c.* 36, § 4, has the power to defeat the entailment and to convey in fee simple, although the will was made and approved before the passage of the first act.

Writ of entry. From a statement of the parties, referring to several papers, it appears, that in 1790, *William Butler,* being then seized of the demanded premises, made his last will and testament, and died in 1791, and the will was duly approved. In that will was contained the following words. " Imprimis, — I give and bequeath to my beloved son *William* all my lands on *Arrowsick Island,* in *Georgetown,* to hold the same to him the said *William Butler,* and the heirs of his body forever." Then follow several devises, and among them, one to his son *Thomas.* The next clause

Riggs *v.* Sally.

in the will is this. " Item. — I will and ordain, that in case my son *William* should die without issue of his body begotten, that then from and after his death, the estate herein before devised to him, shall enure to my son *Thomas Butler* and the male heirs of his body forever." *William Butler*, the son, entered into the premises soon after the death of his father, and remained in possession until his death in 1835, without ever having had issue. On *April* 22, 1828, *William Butler*, by his deed, witnessed by three witnesses, acknowledged and recorded, and for a valuable consideration expressed, made a conveyance of the same premises to the demandant and to his heirs and assigns. The parties agreed, that if the Court should be of opinion, that it was competent for the tenant to impeach this deed, this question should be submitted to a jury. *Thomas Butler*, son of the testator, died in 1817, leaving four sons, *George*, the *oldest son, Thomas, John*, and *James*. On *July* 26, 1836, *George Butler*, made and executed a deed, *bona fide*, in the presence of two witnesses, to *James Leman*, his heirs and assigns, which was acknowledged and recorded. On the same day *Leman* made a deed thereof to the demandant. The tenant defends under the title of *Thomas* and *John Butler*, grandsons of the testator, and sons of *Thomas Butler*.

The case was argued in writing, by *Mellen* and *Randall*, for the demandant; and by *Mitchell*, for the tenant.

For the demandant it was said, that it was not necessary to cite authorities to show, that by virtue of the devise to *William Butler*, he became *tenant in tail general* of the premises devised to him. He could bar the entail, and did so, by his deed to the demandant. But it is said, that the tenant can impeach this deed; and by agreement he is to have the opportunity of doing so, if he have the right in the situation in which he stands. If the deed be not valid then the demanded premises are in *George Butler*, the oldest son of *Thomas*, deceased, and the defendant is a mere stranger, and as such cannot contest the deed to the demandant. There is no distinction in this respect between deeds to bar entails and other deeds. *Knox* v. *Jenks*, 7 *Mass. R.* 488; *Worcester* v. *Eaton*, 11 *Mass. R.* 370; *Nightingale* v. *Burrell*, 15 *Pick.* 104; *Steele* v. *Adams*, 1 *Greenl.* 1; *Emery* v. *Chase*, 5 *Greenl.* 232; 3 *Mason*,

357; 2 *Johns. R.* 230; 3 *Johns. R.* 471; *Lithgow* v. *Kava-nagh*, 9 *Mass. R.* 161; *Wheelwright* v. *Wheelwright*, 2 *Mass. R.* 447. But if nothing passed by the deed of *William Butler*, then *George Butler* took an estate tail at the time of the death of *William*, as next in succession, *per formam doni*; and we claim under him by deed, to which there is no objection.

*Mitchell*, for the tenant, contended, that *William Butler* never was tenant in tail with the right to bar the second son. *William* was only tenant for life with limitation conditional to his heirs, if any, and if not, to *Thomas*, the next son. The Court should give the will such construction, as is consistent with the manifest intention of the devisor, with common sense and the laws of the land. 4 *Kent's Com.* 536. The statute respecting wills and tenements, *c.* 38, § 3, gives the true construction, and is a full answer to the demandant's claim. 12 *Johns. R.* 389. This will was made and published in 1790, and is to have effect according to the law as it then existed. At that time nothing but a common recovery could bar an estate tail, and the legislature could not affect rights then existing by any law passed afterwards. But this is not an estate tail. *Sayward* v. *Sayward*, 7 *Greenl.* 210; 1 *Johns. R.* 440; 16 *Johns. R.* 382; 4 *Kent*, 127, 128, and *note* to page 128.

*Thomas Butler* having died long before *William*, in 1817, his children inherit by representation, and thus each takes his equal share, unless *George* had a double share, as the oldest son. As *William Butler* could convey only his life estate, it is not important to inquire whether his deed conveyed any thing. But we have the right to contest it. 2 *Kent*, 450; *Strange*, 1104; 2 *Vent.* 198; 3 *Day*, 90; 5 *Pick.* 431; 4 *Conn. R.* 203; 15 *Johns. R.* 503; 3 *Camp.* 33; 2 *Vermont R.* 97; 2 *Paige*, 30. The deed from *George Butler* conveys but one share to the demandant. The case stands thus : 1. *William Butler*, the devisee, had an estate for life only, unless he had heirs of his body. 2. That under the will he took an estate in *fee conditional* with limitation. 3. That the heirs of *Thomas*, the devisee, inherit, by representation, from their ancestor in equal proportions.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The clause in the will, under which *William Butler* claimed, taken by itself, devised the estate in controversy to the said *William*, in fee tail general, by apt and proper words, having that legal effect. There is in that part of the will no condition or contingency, upon the happening of which, the estate was otherwise limited. But in another clause, it is provided, that in case *William Butler*, the devisee, should die without issue of his body begotten, that then, from and after his death, the same estate should enure to *Thomas Butler*, another son of the testator, and the male heirs of his body forever. The limitation over must be by way of executory devise, or as a contingent remainder.

It is contended, by the counsel for the tenant, that the effect of this clause, is to reduce the estate tail, which would otherwise have been given to *William Butler*, to an estate for life, with a conditional limitation to the heirs of his body, if he had any, and that the limitation over to *Thomas*, if *William* died without issue, was good and took effect, as an executory devise. As an estate tail was expressly given to *William*, it may be difficult to support this construction consistently with the current of authorities.

The question, whether in devises of this kind, a definite or indefinite failure of issue is intended, has been frequently brought under discussion in courts of justice. The general doctrine of the books, from an early period of the *English* law, is, that a limitation over, if the first devisee dies without issue of his body, is to be understood to mean an indefinite failure of issue, that it is accordingly void as an executory devise, and that the first devisee takes an estate tail. And this is to be the construction, unless it clearly and distinctly appears by the will, that the failure of issue, upon which the devise over depends, has reference to the time of the death or the first devisee. The cases, in which this distinction has been taken, have arisen generally, if not uniformly, where the estate is given to the first taker, without qualification, and in a subsequent clause is given over, if he die without issue, or without leaving issue. And there have been very refined constructions, turning upon slight variations in the language used. But it is apprehended, that it would not be easy to find a case, in which this point has

been agitated, where an estate tail has been given to the first taker, as here, in express terms. Questions of this kind are of such rare occurrence in our jurisprudence, that it would be more curious than useful, to go into a consideration of the cases, in which they are brought under discussion. We deem it unnecessary however to decide, whether *William Butler* took an estate tail, with a contingent remainder to *Thomas Butler,* or whether he took an estate for life, and if he died without issue, with limitation over to *Thomas* in tail male, by way of executory devise.

If *William Butler* took an estate tail, he had, under the *statute* of 1821, *c.* 36, § 4, which is a reenactment of the *statute* of *Massachusetts* of 1791, *c.* 60, the power of defeating the entail, and conveying in fee simple, in the mode there prescribed. We do not accede to the correctness of the position, taken by the counsel for the defendant, that this statute did not apply to estates tail, created by wills, made and approved before its passage. The statute prescribed a more simple mode for barring entails, as a substitute for the complicated process of a common recovery. And accordingly its provisions in *Massachusetts,* were applied to estates tail then existing. *Wheelwright* v. *Wheelwright,* 2 *Mass. R.* 447 ; *Soule* v. *Soule & als.* 5 *Mass. R.* 61. The conveyance of the estate therefore by *William,* if he was seized in tail, to the demandant in 1828, in the form prescribed, vested it in him in fee simple, unless it is competent for the tenant to impeach that conveyance. We have not found it necessary to decide that point, as if that deed was void, the limitation over took effect, as a remainder, or as an executory devise ; and in either case, the demandant has a good title under *George,* the heir in tail of *Thomas Butler.*

As *Thomas* died, before the decease of *William* without issue, upon which his estate was to vest in possession, his right descended to his heir male, in whom it did vest in possession, upon the death of *William,* the first devisee. Estates tail, so far as they are authorized by law, descend in the mode prescribed by the donor, which differs from the general law of inheritance. An estate tail is descendible to some particular heirs only of the person, to whom it is granted, and not to his heirs general. An estate in tail male, descends to the oldest son of the donee in tail. The statute law of inheritance, as it respects intestate estates, differs from the common

law ; but it does not affect estates tail, which depend upon the will of the donor. The law upon this point, as it existed in *Massachusetts,* prior to our separation, and which also remains the law of this State, is fully considered in the case of *Hawley & al.* v. *The Inhabitants* of *Northampton,* 8 *Mass. R.* 3. *Parsons C. J.* there says, that in an estate tail all the heirs of the body of the tenant in tail cannot take together, but only in succession, the oldest son and his issue, then the second son and his issue, and so on. And in *Davis* v. *Hayden & als.* 9 *Mass. R.* 514, it was directly decided, that such an estate vested in the oldest son as the heir in tail, to the exclusion of the other children.

It is agreed, that *Thomas Butler* died in the lifetime of the first devisee, and that *George* is the oldest son of *Thomas.* Upon the decease then of the first devisee, without issue, *George Butler* became seized in tail male, under the will. Being so seized, it was competent for him to bar the entail, in virtue of the *stat.* of 1821, *c.* 36. And the case finds, that in *July,* 1836, the said *George Butler* did, *bona fide,* for a valuable consideration, in the presence of two witnesses, who must be taken to be credible, by deed duly executed, acknowledged and recorded, convey the demanded premises to one *James Leman,* his heirs and assigns. By this deed, under the statute before cited, the estate tail, which had vested in *George Butler,* was barred, and converted into an estate in fee simple. It further appears, that on the same day, *Leman* conveyed the same estate to the demandant, his heirs and assigns. He thereby acquired a valid title in fee, if the limitation over to *Thomas Butler,* in tail male, took effect. In every legal point of view therefore, in which the case may be contemplated, the title of the demandant is sustained.

*Judgment for the demandant.*