RADDAI WIGHT & wife *vs.* RUFUS THAYER & others.

A devise to A. and the heirs of his body, and to their heirs and assigns forever, gives A. an estate tail.

An estate tail in this commonwealth, as at common law, descends to the oldest son, and to the oldest son of the oldest son.

SHAW, C. J.     This is a petition for partition of real estate in Boston, claimed by the petitioners, in right of the wife, Phebe Ann Wight, one of three children of Sarah Ockerhousen, originally Sarah Hall. Sarah Hall was a daughter of Benjamin Hall, who died leaving two children only, to wit, the said Sarah, by his first wife, and Charles Hall, one of the respondents, by his second wife. Benjamin Hall was one of three children, and the only son of Hugh Hall and Elizabeth Hall, the other two being daughters.

By the will of Susannah Jacobs, made in 1727, the estate in question was devised as follows: " To my granddaughter Elizabeth Hall, wife of Mr. Hugh Hall, and the heirs of her body lawfully begotten, and to their heirs and assigns forever." Hugh

Hall and his wife Elizabeth entered under this devise, and became seized thereof, in her right, until her death, after which her husband. held the same as tenant by the curtesy, until his decease in 1773. The children of Hugh and Elizabeth Hall were Elizabeth, who married Welsh, Sarah, who married Clark and afterwards Hobby, and Benjamin, the oldest and only son, but the youngest of the three children.

Several deeds have been introduced by the respondents, the apparent object of which was to show that Susannah Jacobs, the devisor, had a leasehold estate only in the premises, and not an estate of inheritance, and therefore had no devisable estate. But that position was not relied upon in argument, and we have not considered it. We assume therefore that Susannah Jacobs had an estate of inheritance in the premises, that Hugh Hall and Elizabeth entered and claimed, and for a long time held, under her will, such estate as the terms of the devise would give; and the question is what estate it gave, and how it is derived from them. It is said that the respondents claim under deeds from the two daughters of Hugh Hall, Sarah and Elizabeth, as well as deeds of the son Benjamin; but for the present, we do not consider that material; the petitioners must recover, if at all, upon the strength of their own title, and until that title is established, the respondents have no occasion to show any title.

The claim of the petitioners is, that by the clause above cited, the devise of Susannah Jacobs was either a devise to her granddaughter Elizabeth, and her heirs generally, inasmuch as the devise, although in the first instance it was to the heirs of her body, yet was afterwards enlarged in the habendum by the words "to their heirs and assigns forever;" or, if it was an estate tail, to her and the heirs of her body, which would be an estate tail to her son Benjamin, yet it was then enlarged and went to his heirs general, and so one half of it descended to their mother, who took it in equal shares with her brother Charles Hall, the two surviving children of Benjamin.

In the first place, we have no doubt that the devise in question gave an estate tail to Elizabeth Hall. The words are ex

plicit, to her and the heirs of her body; the only words, which make it an estate of inheritance at all, limit it specially to heirs of the body. Estates tail, with their legal incidents, have been too long and too often recognized in this commonwealth to be now questioned. *Davis* v. *Hayden,* 9 Mass. 514. *Corbin* v. *Healy,* 20 Pick. 514. *Buxton* v. *Uxbridge,* 10 Met. 87.

Supposing it then an estate tail to her and the heirs of her body, under that designation Benjamin, her oldest son and heir at law, would take the whole to the exclusion of his sisters. This also has been repeatedly settled, and is now established by authority. The law of descent of Massachusetts, by force of which all the children, male and female, share equally, limits the rule to estates in fee simple, and does not abrogate the rule of the common law, in regard to estates tail; it leaves them as they stood at common law. It seems, from the cases cited by the petitioners' counsel,[*] that the law on this subject is different in Connecticut.

But the main argument relied on arises from the phraseology of this devise, which is " to Elizabeth Hall and the heirs of her body lawfully begotten, and to *their* heirs and assigns forever." Hence it is argued, that, even supposing it was an estate tail in Benjamin Hall, it terminated with his life, and then was enlarged so as to go to his general heirs. But this would be alike incon- sistent with principle and authority. An estate tail, though created and brought into existence by deed or will, is still an estate of inheritance, and when once vested, and until barred, passes, like other estates of inheritance, by operation of law; and though it is competent for a devisor to create as many partic- ular estates as he will, to hold in succession, yet it is not com- petent for him to alter the rules of law, which govern the descent of an estate, either in fee or in tail, which has once vested. Were such an intention manifested, it could not be carried into effect, because contrary to the rules of law. If it was an estate

---

[*] *Hamilton* v. *Hempsted,* 3 Day, 339. *Allyn* v. *Mather,* 9 Conn. 132. *Welles* v. *Olcott,* Kirby, 118. *Allin* v. *Bunce,* 1 Root, 96. *Borden* v. *Kingsbury,* 2 Root, 39. 1 Swift Dig. (ed. 1822,) 79.

tail in Benjamin Hall, then it must continue an estate tail until barred by common recovery or otherwise, or until failure of heirs in tail. So long as there are heirs in tail capable of taking by the form of the gift, there can be no limitation over to heirs general. The very nature of an estate tail is, that it is an estate of inheritance limited to a particular class of heirs; the legal construction put on it is, that it divides the inheritance, or general estate in fee, making a particular estate to the donee in tail and the special heirs, and leaving an estate in the donor, which he may limit over, by way of remainder, and which without such limitation will revert to the donor or his general heirs. 2 Inst. 335.

It has been said, upon the authority of Lord Coke, (Co. Lit. 21 *a*,) cited by the petitioners' counsel, that when a person, in the premises of a deed, gives land to another and the heirs of his body, habendum to him and his heirs forever, he will take an estate tail, with a fee simple expectant. In tracing this proposition, it will be found to be this: When it is manifest, by the premises, that the donor intends to give an estate tail, and from the subsequent parts of the deed it is equally manifest that he intends to give ultimately an estate in fee, it will operate as a grant of a present estate tail, with a fee simple expectant. But expectant upon what event or contingency? Clearly, upon the determination of the particular estate, the estate tail, by the failure of heirs in tail, which is its own proper limitation. It operates by way of gift of the particular estate in tail, with a limitation over, by way of remainder, to the general heirs of the same donee in fee. Of course, such remainder over in fee cannot take effect until the failure of issue in tail. It is a question of intent, upon the particular·terms of the deed or will. It sometimes happens, that where there is clearly a gift in tail in the premises, and the habendum is to heirs generally, without saying " heirs of the body," the subsequent words will be qualified by the preceding, and " heirs," though not expressly qualified in the habendum, will be limited and qualified, by what went before, and be held to mean " heirs of the body." And we are of opinion, that such is the true construction of this devise, as was held in *Buxton* v. *Uxbridge,* 10 Met. 90.

A consideration, which greatly strengthens this conclusion, arises from the peculiar phraseology of this devise. It is not to "Elizabeth Hall and the heirs of her body," and in the habendum to hold to *her* heirs generally, which is the case put by Lord Coke; but is to the heirs of her body, and to *their* heirs and assigns. The distinction is obvious. In the former case, in failure of her issue, the estate tail would cease by its own limitation, and then the gift over, to her heirs general, might take effect as a remainder; so that it would be an estate tail in her, with a fee simple expectant. Otherwise, when it is to the heirs of her body, and then to *their* heirs generally; the case supposes the first heir in tail to have issue, who survive him, and who can take as heirs in tail.

But if it were held otherwise, and the word "heirs" in the habendum were construed so as to create a fee simple expectant, by force of the rule above stated, it would operate by way of creating a remainder, and could take effect only on the determination of the estate tail by failure of heirs in tail. Applying that rule to the present case, it is manifest that Benjamin Hall, the heir in tail, having left a son, the issue in tail had not failed, so as to give effect to the expectant estate in fee; and so Sarah Hall, afterwards Ockerhousen, the daughter of Benjamin Hall, took no share in the estate, and, of course, her daughter Phebe Ann, now Phebe Ann Wight, the petitioner, took no interest by descent from her mother.

We think this case is entirely governed by that of *Corbin* v. *Healy*, 20 Pick. 514.

This view of the case disposes of all claim of these petitioners. Other questions have been incidentally referred to, but they are not material. It is obvious, also, that there may be still controverted claims between some of the respondents amongst themselves; but these cannot be adjudicated in this suit, and therefore on them we give no opinion.

*Petition dismissed.*

*C. M. Ellis,* for the petitioners.

*C. B. Goodrich, P. W. Chandler, W. Rogers & A. C. Washburn,* for the several respondents, were not called upon by the court.