. SHELTON, COUNTY COURT CLERK, *v.* CAMPBELL *et al.*

(*Nashville.* December Term, 1902.)

1. **INHERITANCE TAX. Maturity of, and interest on, are
   not postponed by pending will contest, when.**

   The collateral inheritance and succession tax becomes due and
   payable at the end of one year from the death of the deced-
   ent, from which time interest shall be charged at the rate
   of six per cent. per annum on such tax; and the fact that
   proceedings to test the validity of the will are pending can
   not postpone the maturity of the tax, where it appears that
   the tax will be payable, and at the same rate, whether the
   will is sustained or overthrown. (*Post, pp.* 693-697.)

   Acts cited and construed: Acts of 1893, ch. 174, secs. 3 and 4.
   Code cited and construed: Secs. 724, 756 (S).

2. **SAME. Assessable only on "clear value" of the estate.
   Clear value defined—How ascertained.**

   The collateral inheritance and succession tax is assessable only
   on the clear value of the estate, which is the net value after
   the payment of all debts and expenses of administration,
   or the execution of the will, including the expenses and
   attorney's fees incurred by the executor in resisting a contest
   of the will, for these fees and expenses must be treated as
   expenses of administration and deducted from the amount of
   the estate, in order to ascertain its clear value. (*Post, p.* 696.)

3. **SAME. Amount to be approximated and paid subject to
   revision upon final settlement, when.**

   In such case, it is the duty of the executor and clerk of the
   county court to make an estimate of such fees and expenses,
   and to allow tentatively for them, and thus approximate the
   amount of tax to be paid; and this amount should be paid

Shelton v. Campbell.

subject to revision upon final statement and settlement of accounts.   (*Post, p.* 696.)

Acts cited and construed:   Acts of 1893, ch. 174, sec. 11.

Code cited and construed:   Sec. 736 (S).

**4.  SAME.  Statute is a complete system of collateral inheritance taxation.**

The inheritance tax act (Acts 1893, ch. 174) was designed to furnish a complete system of taxation upon the subject of collateral inheritance taxes; that is, a system, in and of itself, to be executed according to the provisions of said act.   (*Post, p.* 698.)

Case cited and approved:   Zickler *v.* Union Bank and Trust Co., 104 Tenn., 281.

**5.  SAME.  Jurisdiction of chancery court over, concurrent with county court, when.**

The suit of the county court clerk for the collection of collateral and inheritance succession taxes should be brought in the county court, upon which court the jurisdiction is conferred by statute, but such suit may be instituted and maintained in the chancery court, where there is no demurrer or plea to the jurisdiction, but such suit must be conducted and treated as though it had been brought in the county court. (*Post, pp.* 694, 697-698.)

Acts cited and construed:   Acts of 1893, ch. 174, secs. 14-15.

Code cited and construed:   Secs. 740, 743, 746 (S).

**6.  SAME.  County court clerk to collect; may employ as attorney State revenue agent individually, but not officially.**

It is made the duty of the county court clerk to collect the collateral inheritance and succession tax and for this purpose, whenever necessary, he is authorized to employ an attorney to represent him in his suit in the county court, or in the chancery court where there is no objection to the jurisdiction, but not in the circuit court, nor in the supreme court.  The State revenue agent in his official capacity can not represent the county court clerk, but in his individual capacity he may be employed, as attorney to represent said clerk as any

Shelton v. Campbell.

other attorney might be employed, and be entitled to receive the same compensation. (*Post*, *pp.* 694, 697-700.)

Act cited and construed: Acts of 1893, ch. 174, secs. 14, 15, 16, 20.

Code cited and construed: Secs. 740, 741, 743, 748, 752 (S).

7. **SAME. Attorney's fee to be paid to clerk's attorney by the delinquent; but not for services in the circuit or supreme court; State revenue agent as such attorney.**

The attorney employed by the county court clerk to represent him in his suit to collect the inheritance and succession tax is entitled to a reasonable fee for his services rendered in the county court, or in the chancery court where there is no objection to the jurisdiction, to be paid, in addition to the tax, by the party liable for the tax, but for his services in the circuit or supreme court said attorney shall have no fee; and where the State's revenue agent is employed as such attorney, his fee is to be fixed and paid under the inheritance tax statute, and not under the statute creating his office and defining his duties. In this case a fee of five per cent. was allowed upon a collection of $4,000. (*Post*, *pp.* 694, 698-700.)

Act cited and construed: Acts of 1893, ch. 174, secs. 14, 15, 16, 20.

Code cited and construed: Secs. 743, 747, 748, 752 (S).

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. Cook, Chancellor.

Attorney-General Cates, Thomas B. Johnson and A. W. Stockell, for Shelton, county court clerk.

Stokes & Stokes, for Campbell *et al.*

MR. JUSTICE WILKES delivered the opinion of the Court.

This cause comes before us upon the record and an agreed statement of facts, and involves the question of the liability of the estate of Mrs. Mary J. Furman to an inheritance tax, the amount for which liable, and the date when it should have been paid.

The main feature, so far as appears from the record and agreed statement of facts, is, that Mrs. Furman died April 11, 1900, leaving an estate estimated at $150,000, consisting of both realty and personalty. She left no husband, father, mother or direct lineal descendant, and the debts are merely nominal in amount. She executed a will by which she provided for the payment in the first instance of her debts; second, for the erection of a monument, to cost not less than $26,000, and, thirdly, she willed all the remainder of her property, except her household and kitchen furniture, wearing apparel and jewelry, to her executors named in the will, in trust for the Vanderbilt University, located in Nashville, to be expended in the manner directed in the will, and for the purposes therein specified.

The will was contested by her next of kin, and the contest is now pending, undecided, upon an issue of *devisavit vel non,* upon appeal in this court.

It is conceded that, whether the will is sustained or set aside, the estate will be liable to a collateral

inheritance tax of the same amount in either event, and the question is when that tax was payable, and would be delinquent.

On the 25th of May, 1901, a bill was filed in the chancery court of Davidson county by the clerk of the county court to collect the tax, through Thos. B. Johnson, State revenue agent, as his attorney. On the 23d of September, 1901, it was agreed that the executors should pay $4,000 of said taxes (being 5 per cent. upon $80,000 of value), and that the remainder should await the result of the litigation or further orders, and this was done.

A question then arose as to the liability of the estate for interest upon the tax, and for an attorney's fee of 15 per cent. upon it, and the agreed case was made up to test these questions in the courts.

The chancellor held that the tax was past due and delinquent when the bill was filed; that it bore interest from one year after the death of testatrix; that, under the statute, the estate was liable to an attorney's fee of 15 per cent. on the amount already paid and yet to be paid.

Defendants prayed an appeal to this court, and assign the several holdings mentioned as error.

The present law providing for an inheritance and succession tax is chapter 174, p. 347, Acts 1893 (Shannon's Compilation, secs. 724-756). Section 729 provides: "If the collateral inheritance tax shall be paid within three months after the death of the decedent,

Shelton v. Campbell.

a discount of 5 per centum on the amount of the tax shall be made and allowed; and if said tax is not paid at the end of one year from the death of decedent, at which time it shall be due, interest shall then be charged at the rate of 6 per centum per annum on such tax."

This provision is found in section 4 of the original act, and fixes the date when the tax becomes due and payable.

By section 3 of the original act (section 728 of Shannon's Compilation) it is provided that the tax shall be a lien upon the real estate, and that the owner of any personal estate subject to the tax shall make full report and return of same to the clerk of the county court within one year from the death of the decedent, and enter into security for the payment of the tax to the satisfaction of such clerk, and, in case of failure so to do, the tax shall be immediately payable and collectible.

It is left somewhat uncertain by the connection as given in the original act whether the provision for bond is intended, except in cases where there are life estates or periods of years intervening. We need not now decide this question, as in the present case there are no intervening estates, and the tax, in any event, was due and payable at the end of one year from the death of the decedent, and a report was a necessary incident to the settlement for and payment of the tax.

The fact that proceedings are pending to test the validity of the will can not postpone the maturity of the tax, when it appears that in either event, testacy or intestacy, the tax will be payable, and at the same rate as in the present case.

We are of opinion, however, that the estate is liable for the tax only to the extent of its clear value, and that "clear value" means net value after the payment of all debts and expenses of administration, or execution of the will, in case of testacy, and in cases where the will is contested, and expenses for attorney's fees, etc., are incurred by the executor in attempting to sustain the will, these fees and expenses must be treated as expenses of administration, and deducted from the amount of the estate, in order to reach its clear value.

In such case, it is the duty of the executor and clerk of the county court to make an estimate of such fees and expenses, and to tentatively allow for them, and thus approximate the amount of tax to be paid; and this amount should be paid subject to revision upon final statement and settlement of accounts.

Under section 11 of the act, provision is made, which, we think, covers the case, where the executor may have paid too much tax, and allows its recovery back from the clerk, or out of the State treasury, when overpayment is made.

In the present instance, $4,000 has been paid upon an estimate of clear value of $80,000, but this pay-

ment was not made for some four months after the tax was due and payable. We are of opinion that the tax bears interest from the date when payable, to wit, one year from the death of the decedent; and this notwithstanding the impediments in the way of paying over the whole of it, such as the pendency of litigation, the scarcity of funds, and other causes.

The next question that arises is as to the liability of the estate for attorney's fees, and, if liable at all, for what amount.

It is made the duty of the county court clerk to collect the tax, and for that purpose he is by the act authorized to employ an attorney, who shall have a reasonable fee for his services, to be paid, in addition to the tax, by the party liable for the tax.

It appears that the clerk of the county court of Davidson county has entered into an agreement with Thomas B. Johnson, one of the three revenue agents of the State, whose office it is to collect back or delinquent taxes, to look after, bring suit for, and collect such inheritance taxes as may be overdue.

Mr. Johnson claims that he has the right, by virtue of his office, and under the statute defining his duties, to look after and collect this tax, and bring suit therefor, as well as under the appointment of the county court clerk, and that, under the statute, his compensation for such service is fixed at 15 per cent. upon the amount of tax realized.

It is held in *Zickler* v. *Union Bank & Trust Co.,*
104 Tenn., 281 (57 S. W., 341), that the inheritance
tax law, contained in chapter 174, Acts 1893, was de-
signed to furnish a complete system of taxation upon
the subject of collateral inheritance taxes; that is, a
system, in and of itself, to be executed according to
the provisions of that act.

Under these provisions, it was the duty of the coun-
ty court clerk of Davidson county to have collected
this tax, and, when suit became necessary, it should
have been brought in that court; and the clerk, under
the act, had the authority to employ an attorney, to be
paid a reasonable compensation for his services, in
that court. This suit was not brought in that court,
but in the chancery court. There was, however, no
demurrer or plea to the jurisdiction, and we hold
that it could be maintained, under such circum-
stances, in the chancery court.

But it must be conducted and treated as though it
had been brought in the county court, and in ac-
cordance with the provisions of the act, by an attor-
ney employed by the county court clerk under that
act.

The suit must therefore be treated as if brought
by Mr. Johnson under his employment by the county
court clerk, and not by him in his official capacity
of State revenue agent.

This being so, he would, under the general inherit-
ance act, be entitled to a reasonable fee in the court

below; but the act provides only a fee for services in the county court to such attorney, and contemplates that on appeal to the circuit court it shall be looked after by the district attorney, and in the supreme court by the attorney-general and reporter.

The court is therefore of opinion that Mr. Johnson acted under his employment by the county court clerk, and is entitled only to a reasonable fee for his services in the chancery court below, which is fixed at 5 per cent. upon the amount of tax so far realized, and that may hereafter be realized.

This fee, however, will go to him as the employed attorney of the county court clerk, to be paid by the parties liable for the tax, but will constitute no part of the salary provided in the act relating to State revenue agents.

Nor will the $4,000 taxes recovered in this suit, or the amount hereafter recovered, be treated as a fund out of which his salary of $2,500 as revenue agent is to be paid by the comptroller. In other words, the inheritance tax collected and to be collected out of the decedent's estate will be treated as though collected under the general inheritance law, and the fees of Mr. Johnson, of 5 per cent., will be paid to him as though he did not fill the office of revenue agent for the State, and independent of his salary as such agent, just as they would be to any other attorney whom the county court clerk might see fit to employ.

The decree of the court below will be modified as herein indicated, and in all other respects affirmed, and the cause is remanded to the court below for further proceedings.

The costs of the cause will be paid by the estate of Mrs. Furman.