# W. A. TATE *et al. v.* R. M. GREENLEE.*

## (*Knoxville.* September Term, 1918.)

**1. TAXATION. Inheritance tax. Collection. Jurisdiction.**

Where a bill is filed in chancery to settle an estate, clerk of county court, under Acts 1893, chapter 174, section 22, can maintain petition in such suit to collect inheritance tax. (*Post, p.* 108.)

Acts cited and construed: Acts 1893, ch. 174; Acts 1893, ch. 89, sec. 7.

**2. APPEAL AND ERROR. Objection not raised below.**

Question as to whether, in bill to settle estate in chancery, clerk of county court can petition to collect inheritance tax, cannot be first raised on appeal. (*Post, pp.* 108, 109.)

Case cited and approved: Shelton v. Campbell, 108 Tenn., 690.

**3. TAXATION. Inheritance tax. Property subject.**

The only interest that nephews and niece had in estate before intestate's death was the possibility that they might outlive intestate, and assignment by them of rights in estate did not transmit any vested, interest, and estate would be liable to collateral inheritance and succession tax under Acts 1893, chapter 174, and Acts 1893, chapter 89, section 7. (*Post, pp.* 109, 110.)

**4. ASSIGNMENTS. Conveyance of expectant estate.**

An agreement or covenant to convey by an heir expectant and *sui juris,* if fairly made and based on a valuable consideration, will be enforced as against the grantor and privies, whenever the property comes into his possession, but not until then. (*Post, pp.* 111, 112.)

Cases cited and approved: Fitzgerald v. Vestal, 36 Tenn., 258; Steele v. Frierson, 85 Tenn., 430; Read v. Mosby, 87 Tenn., 759;

---

*On the question of validity of sale of expectancy by a prospective heir, see notes in 32 L. R. A., 595; 33 L. R. A., 266, 25 L. R. A. (N. S.), 436.

Tate v. Greenlee.

McCrackin v. Wright, 14 Johns. (N. Y.), 193;  Davis v. Hayden, 9
Mass., 514;  Bayler v. Commonwealth, 40 Pa., 37;  Chew v. Barnet,
11 Serg. & R. (Pa.), 389.

Case cited and distinguished:  Taylor v. Swafford, 122 Tenn., 303.

FROM GRAINGER.

Appeal from the Chancery Court of Grainger County.
—HUGH G. KYLE, Chancellor.

FRANK PARK, JR., for appellant.

J. M. GROVE, McCANLESS, COLEMAN & TAYLOR and
FRANK M. THOMPSON, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The question presented on this appeal is one of the
liability of the estate of J. M. Cockrum, deceased, which
consists entirely of personalty, for a collateral inherit-
ance and succession tax under chapter 174 of the Acts
of 1893.

This act provides for a tax upon all estates, real,
personal, and mixed, situated in the State, whether the
person dying seized thereof lived in the State or not,
passing either by will or inheritance, or by deed, grant,
bargain, gift, or sale, made in contemplation of death,
or to take effect in possession or enjoyment after the
death of the grantor to any person or body corporate
or politic in trust, or otherwise, when the property thus
passing goes to any other than the father, mother,
husband, wife, children, and lineal descendants.

By another act passed at the same session of the General Assembly, being section 7, chapter 89, page 146, of the act of 1893, the exemption was extended to brothers, sisters, and wife or widow of a son, and husband of a daughter, and any legally adopted child.

By a further provision of said act of 1893, it is made the duty of the county court clerk, wherein such estates are located, to collect such tax, and the clerk is given the power to institute such suits as may be necessary for the collection of the same.

By section 22 of said act it is made the duty of the chancery court to see that said tax is paid to the clerk of the county court upon all estates being wound up or administered in said court, where such estates are liable for such tax, and such tax must be paid or retained before a legacy or share of the estate is paid or turned over to the owner; and, if any such tax is received by the clerk and master, it shall be ordered paid by him to the county court clerk, etc.

J. M. Cockrum died intestate and a resident of Grainger county, Tenn., on June 6, 1917. Some time prior to his death, on account of extreme age, he became mentally incapacitated to care for his property, and by proper proceedings had in the county court of Grainger county for that purpose the defendant, Greenlee, was appointed guardian for him, and as such guardian took charge of his estate and managed and controlled the same up until his death. The net value of said estate, upon the date of the death of the said J. M. Cockrum, was $12,463.72. Mr. Cockrum left no widow, children, descendants of children, or brother or sister

surviving him, but left as his next of kin and only heirs at law his nephews, Joe Cockrum and A. M. Cockrum, and his niece, Malissa Martin, who, upon dates prior to the death of the said J. M. Cockrum, by separate instruments, assigned and transferred their respective expectancies in said estate to the complainants, W. A. Tate and G. L. Greenlee.

Thereafter, on August 9, 1917, which was after the death of the said J. M. Cockrum, Tate and Greenlee assigned and transferred to their co-complainant, Frank Park, Jr., a one-third undivided interest in said estate, over and above the aggregate amounts paid the nephews and niece of said Cockrum for their respective expectancies, which was the sum of $7,750. In other words, Tate and Greenlee, by said assignment, transferred to said Frank Park, Jr., one-third of the profits realized from their purchases of said expectancies.

The assignment to Park was based on the consideration that, before the assignments by said nephews and niece of their expectancies in said estate to the complainants Tate and Greenlee, and before the death of the said J. M. Cockrum, said nephews and niece employed said Park, who is a regular practicing attorney, to institute proceedings to have a guardian appointed for said J. M. Cockrum, and to institute certain suits to recover his property, which he had undertaken to sell and convey while mentally incapacitated to do so, and agreed with said Park that he should have, for his services in said litigations, a one-fourth interest in said estate when the same should pass to said nephews and niece upon the death of the said J. M. Cockrum.

Tate v. Greenlee.

Upon the death of the said J. M. Cockrum, and the guardian refusing to make settlement with complainants and surrender to them said estate, they filed the bill in this cause, alleging that they were the owners of said estate by virtue of said assignments hereinbefore mentioned, and asking that the guardian be required to pay the assets of said estate into court, and that said estate be wound up and administered in this cause, and that a decree be rendered against the guardian for the amount of said estate, after the payment of debts, shown to be due complainants under and by virtue of said assignments.

On September 11, 1917, and before the cause had been finally heard, J. M. Grove, clerk of the county court of Grainger county, filed his petition in said cause, in which it was alleged that the estate of the said J. M. Cockrum was liable to the State of Tennessee for a collateral inheritance tax of $5 upon each $100 of the clear value of said estate, and asking in said petition that he be given a decree for the use of the State for the amount of such collateral inheritance tax as might be shown to be due the State, and that such amount be impounded in the hands of the guardian of said estate, and that he be ordered to pay said tax to the petitioner for the use of the State.

The complainants answered this petition, admitting the death of the said J. M. Cockrum, and that he left surviving him the nephews and niece hereinbefore mentioned as his only heirs at law. They further admitted that the defendant, R. M. Greenlee, was the regular guardian of the said J. M. Cockrum at the

time of his death. They also admitted having purchased the expectancies of the heirs of the said J. M. Cockrum in his estate, but denied that they or said estate were liable to the State of Tennessee for a collateral inheritance tax, they having become the owners of said estate by purchase, and not by either will or inheritance, or by any deed, grant, bargain, gift, or sale from the owner of said estate made in contemplation of death.

Upon the hearing the chancellor sustained the petition of the county court clerk, adjudging that it was rightfully and properly filed in said cause, and gave him a decree for the sum of $685.56, which amount was 5 per cent. of the clear value of said estate, together with $62.50 attorney's fees, and ordered said sums to be paid to said clerk out of the fund then in court. From this decree complainants have appealed to this court.

The first contention made by the assignments of error is that the petition of the county court clerk was wrongfully filed in said suit pending in the chancery court, because, under the act of 1893, the county court alone is vested with jurisdiction of suits for the collection of collateral inheritance taxes.

We are of the opinion that this contention is not well grounded for two reasons:

First. It is provided by section 22 of said act that, in all cases when an estate is being wound up or administered in the chancery court, it shall be the duty of the court to see that the collateral inheritance tax is paid to the clerk of the county court, if such estate be liable for such tax, and to see that such tax is paid or retained before a legacy or share of the estate is

paid or turned over to the owner. The bill in the cause in which said petition was filed by the county court clerk asked that the estate of the said J. M. Cockrum be administered and settled in the chancery court in which it was filed, and that complainants be given a decree against the guardian for the amount of said estate.

Second. The complainants did not raise any question of jurisdiction in the court below. They do not question the jurisdiction of the chancery court in their answer filed to said petition. The only defense made in their answer is that the estate of J. M. Cockrum, in the hands of his guardian, after the assignments by his nephews and niece transferring said estate to them, is not liable for the tax sought to be collected.

In *Shelton* v. *Campbell,* 109 Tenn., 690, 72 S. W., 112, it was held that the suit of the county court clerk for the collection of collateral and inheritance taxes should be brought in the county court, upon which court jurisdiction is conferred by statute, but such suit may be instituted and maintained in the chancery court, where there is no demurrer or plea to the jurisdiction, but that such suit must be conducted and treated as though it had been brought in the county court, and in accordance with the provisions of the act creating such tax and the remedy for the collection thereof.

It is insisted by complainants that, under the facts, the estate of J. M. Cockrum is not liable for a collateral inheritance tax in the hands of complainants.

We are of the opinion that this contention is not well grounded. As before stated, J. M. Cockrum died on

June 6, 1917, and the assignments or transfers from his nephews and niece to the complainants Tate and Greenlee were executed in April and May, 1917, and said assignment from Tate and Greenlee to their co-complainant, Frank Park, Jr., was made in August, 1917, which was after the death of the said J. M. Cockrum. It follows, therefore, that, at the time of the execution of said assignments by the nephews and niece of J. M. Cockrum to the complainants Tate and Greenlee, who conveyed to the complainant Park, the nephews and niece had no interest in said estate. The only interest which they had in said estate was the possibility that they might outlive their uncle. In other words, they had nothing but bare expectancies in said estate. The estate did not become vested in said nephews and niece until the death of J. M. Cockrum, and then subject to his debts, and any taxes which had been levied or which might be leviable under and by virtue of the statute laws of the state. At the time complainants took their assignments, J. M. Cockrum was alive. The estate was his. He had the right to consume it for his support. He would have had the right, if he had regained his mental powers, to dispose of it by will or in any other manner he saw proper. The assignments by his nephews and niece did not transmit any vested interest in said estate to the complainants. In law said assignments were only agreements or covenants to convey said estate to the complainants Tate and Greenlee when the same should become vested in said nephews and niece, which, as before stated, was upon the death of their uncle.

Tate v. Greenlee.

Such an agreement or covenant to convey by an heir expectant and *sui juris,* if fairly made and based on a valuable consideration, will be enforced as against the grantor and his privies, whenever the property comes into his possession, but not until then. *Fitzgerald* v. *Vestal,* 4 Sneed, 258; *Steele* v. *Frierson,* 85 Tenn., 430, 3 S. W., 649; *Read* v. *Mosby,* 87 Tenn., 759, 11 S. W., 940, 5 L. R. A., 122; *Taylor* v. *Swafford,* 122 Tenn., 303, 123 S. W., 350, 25 L. R. A. (N. S.), 442.

In the case last cited the court, in discussing this question, said:

"It is an old and well-settled rule of the common law that, in order to constitute a valid contract of sale, there must be a grantor and grantee, and a thing in existence at the time of the contract; hence, under this rule, a mere possibility could not be conveyed. *McCrackin* v. *Wright,* 14 Johns. (N. Y.), 193; *Davis* v. *Hayden,* 9 Mass., 514; *Bayler* v. *Commonwealth,* 40 Pa., 37, 80 Am. Dec., 551; 2 Leading Cases in Equity (White & Tudor's Ed.) pt. 1, p. 1605.

"It is true that recitals and covenants might be of such a character as to conclude parties and privies and estop them from denying the full operation of the instrument, and so in many cases, even in courts of law, such recitals and covenants were held sufficient upon the principle of estoppel to pass to the grantee an interest in the property conveyed, subsequently acquired by the grantor.

"But, independent of the rule of estoppel, both in English and American courts in equity, where it is found that the contract of an expectant has been fairly

made and upon a valuable consideration, it will be enforced, as against the grantor and his privies, whenever the property covered by it comes into possession. This is done, however, by these courts, not upon the ground that the grant is one of a present interest, but rather upon that stated by GIBSON, C. J., in *Chew* v. *Barnet,* 11 Serg. & R. (Pa.), 389, to wit: 'That a conveyance, before the grantor has acquired the title, operates as an agreement to convey, which may be enforced in chancery between the parties and against purchasers with notice.'

"This seems to be the theory upon which these courts have acted with regard to such contracts."

Applying the rule announced in the above cases to the one at bar, it follows that when J. M. Cockrum died his estate passed to and became vested in his nephews and niece, subject to their agreements or convenants to convey the same to the complainants Tate and Greenlee. It follows, therefore, that upon the vesting of said estate in said nephews and niece it became liable for the collateral inheritance tax provided by statute. The estate could only pass to complainants under their assignments by virtue of the inheritance of the nephews and niece, who were their assignors, from their uncle.

There is no error in the decree of the chancellor, and it is affirmed, with costs.